## SAMUEL CARLYON, RESPONDENT, *v.* PATRICK H. LANNAN *et als.*, APPELLANTS.

APPEAL—CONFLICTING EVIDENCE. Ordinarily, the Supreme Court will not interfere with the verdict of a jury on the ground of insufficiency of evidence, where the evidence is conflicting.

AMENDMENT REDUCING CLAIM TO DAMAGES. In a suit for damages for unlawful seizure and conversion of personal property, defendant cannot be prejudiced by an amendment which merely reduces the amount of damages claimed. It is no error to allow such an amendment just before trial.

EVIDENCE—WHEN EXHIBITS MAY BE READ. After plaintiff had called and examined all his witnesses in chief, he was allowed to read certain material bills of sale, which had been proved, put in evidence, and referred to by the witnesses, to which reading defendant objected that it was too late: *Held*, entirely too technical an objection to be favored.

PAROL EVIDENCE TO SHOW BILL OF SALE A MORTGAGE. Parol evidence is admissible to show that a bill of sale absolute on its face was intended as a mortgage.

PLEADING—ADMISSION OF VALUE OF GOODS. In an action for the conversion of chattels alleged by plaintiff to be of a certain value, defendant denied that they were of such value, or of any greater value than a certain less sum named: *Held*, that this was an admission that they were worth the less sum named.

ADMISSION IN PLEADINGS DISPENSES WITH PROOF. Where a fact is admitted by the pleadings there is no necessity of proof upon the point.

DAMAGES FOR CONVERSION OF PERSONAL PROPERTY. If personal property is unlawfully seized and converted, the measure of damages is the value of the property at the time of conversion, and interest from that time to judgment.

APPEAL from the District Court of the First Judicial District, Storey County.

This was an action against Patrick H. Lannan, Constable of Township Two in Storey County, and John Spring and John J. Hayes, the sureties on his official bond, to recover damages for

the alleged unlawful seizure and conversion of certain goods. It appeared in evidence that one D. D. Williams, having purchased the furniture and lease of the " Crystal Peak House," a boarding and lodging house in Virginia City, with money borrowed of the plaintiff, executed to him by way of security a bill of sale of the furniture. This bill of sale is referred to in the opinion as Exhibit "A." Afterwards, on being advised that the mere bill of sale, without a transfer of the possession, would not protect the property against seizure by the creditors of Williams, it was agreed between plaintiff and Williams that the latter should transfer the furniture, all the provisions in the house, and the lease, by new bills of sale, and that plaintiff should go into possession. The instruments effecting these transfers, referred to. in the opinion as Exhibits " B " and " C," were executed on Saturday evening, September 14, 1867, and the next Monday morning, as of which day they bore date, they were delivered to the plaintiff, who thereupon took possession of the house, furniture, and provisions; and Williams and his family moved out, leaving, however, some of their furniture and clothing in the room which had been occupied by them. Later in the day the plaintiff temporarily left the house in charge of one Davis, whom he had employed to take care of it during his absence. Still later in the day, and while Davis was in possession, Constable Lannan made his appearance with a writ of attachment duly sued out of a Justice's Court by a merchant named Sloat, against Williams, and levied upon and took into his possession under the attachment, and afterwards sold on execution in the attachment suit, all the furniture and provisions as the property of Williams. A day or two after the seizure, the plaintiff made a written demand upon the constable for the property, claiming it as his own, which was refused; and thereupon plaintiff commenced this suit. The Exhibit " D " referred to in the opinion was a bill of sale evidencing the original purchase by Williams, and was introduced solely for the purpose of fixing the date of the loan from the plaintiff to Williams.

When the case was called in the Court below and before proceeding to trial, plaintiff asked leave to amend his complaint by striking out a paragraph, consisting of an allegation that plaintiff

was at the time of the seizure by the constable keeping and carrying on the boarding and lodging house, and was damaged in the sum of four hundred dollars ; and by reducing the claim for damages in the prayer from one thousand dollars to six hundred dollars. The motion was granted, defendants excepting.

On the trial, after the plaintiff had called all his witnesses in chief, who had proved and referred to the various bills of sale, marked Exhibits "A," "B," "C," and "D," which had been put in evidence but not read, plaintiff proceeded to read them to the jury, to which defendants excepted, on the ground that it was too late.    The objection was overruled, defendants excepting.

Verdict and judgment for plaintiff in the sum of five hundred dollars, and motion for new trial on the part of defendants overruled, as stated in the opinion.

*Francis L. Aud*, for Appellants.

*W. E. F. Deal*, for Respondent.

By the Court, JOHNSON, J.

This appeal is from the order of the Court below refusing a new trial, and from the first judgment in the case, on the grounds : First. Insufficiency of the evidence to justify the verdict, and that it is against law.    Second. Error in law occurring at the trial and excepted to by defendants.

The questions of fact involved in the pleadings seem to have been fairly submitted to the jury, and its findings in favor of the plaintiff, it will not be disputed, are entirely consistent with and supported by the evidence ; *provided*, the evidence given by plaintiff's witnesses as to material matters was true, and that the Court did not err in stating the law.

The first branch of this proposition—as to the credibility of the witnesses and the relative weight to be given to contradictory and opposing evidence—was passed on by the jury and afterwards considered by the District Court, on motion for a new trial, adversely to the defendants, and I can see no sufficient reason why this Court should interfere with such verdict and ruling.    Ordinarily, appel-

late Courts will not do so, and certainly there are no especial cir-cumstances shown in this instance which should except it from the operation of the general rule in such cases.

The Court properly allowed the amendment of the complaint, respecting the value of the property. The defendants could not be prejudiced by amendments which in effect reduced the claim for damages from one thousand dollars to six hundred dollars.

Nor did the Court err in admitting as evidence the bills marked " A," " B," " C," and " D." The objection is entirely too techni-cal to be favored by Courts of justice at this day. The further point, that the Court erred in overruling the motion to strike out all evidence showing that the bill of sale was intended as a mort-gage, and not an absolute sale of the chattel property, needs no special comment, as the principle is well established that under proper circumstances evidence ·is admissible to. explain the char-acter of the transaction, and show the purposes for which the in-strument is given. I hold the evidence was properly allowed in this case. This brings us to the instructions of the Court. At the instance of plaintiff, the Court gave certain instructions to the jury, to which defendant excepted *generally*. Also at request of defend-ants. gave certain other instructions—refusing one—to which ruling defendants also excepted. On the argument, I understood appel-lants' counsel to confine his assignments of error in the matter of instructions to the *last* one of those given for plaintiff, and the refusal to give the other asked by defendants—both of which, as will presently be seen, refer to the same point. To a proper understanding of the effect of these instructions, I will state that the complaint as amended alleged the value of the personal prop-erty taken by Constable Lannan to be six hundred dollars. The defendants, in answer to this allegation, claimed that it was not of greater value than five hundred dollars. No proof was made on the trial as to the value of the property. On this point the Court gave this instruction : " If the jury find for the plaintiff it will return a verdict of five hundred dollars damages, the value of the property at the time it was taken by defendant Lannan, as admitted in defendants' answer," and refused to instruct such jury on defend-ants' motion, " to entitle the plaintiff to recover in this action he

must prove that the property described therein has some value. The jury cannot infer that it has a value, and if the plaintiff has not proven the value of the property, you must find for the defendants." The last instruction was not admissible under the pleadings. The answer denied that the property was of the value of six hundred dollars, or that it was of greater value than five hundred dollars. This in effect was an admission that it was at least of the value of five hundred dollars.   If plaintiff had chosen to contest the matter in respect to the differences of the two estimates, he could have introduced his proof to show the greater value, six hundred dollars ; but he was equally entitled to the benefit of the admission contained in the answer, and without any proof on his part accept defendants' estimate of such value, and adopt it as the basis of the moneyed judgment in the action.   In a case like this the admission of a fact, stated in the adversary's pleading, dispenses with the necessity of proof on the particular point, and the findings of the jury or instructions of a Court based upon an admission of the parties by the pleadings or otherwise, is not less an assessment of damages than if the findings were made upon conflicting evidence on the subject. See *Patterson et al.* v. *Ely et als.*, (19 Cal. 40.)   The only error I discover in the instruction the Court did give as above quoted has been against the plaintiff, for he was entitled to lawful interest on the value of the property from the time of its seizure up to the rendition of the verdict, in addition to such value at the time of the seizure.   The instruction does not cover interest.   The verdict conforms to the instructions, whilst the pleadings would have warranted an assessment of damages for a greater, but certainly not for a less amount.   Under the circumstances the error is unavailable to appellants.

If the instructions to the jury are amenable to further criticism, in my judgment they will be found in no respect less favorable to defendants than the pleadings and evidence warranted.

The judgment and order of the District Court will be affirmed.

LEWIS, J., did not participate in the foregoing decision.