[No. 978.]

## CERESA GEREMIA ET AL., RESPONDENTS, v. JAMES MAYBERRY, APPELLANT.

RULE AS TO CONFLICT AND WEIGHT OF EVIDENCE ENFORCED.

CONTRACT—COLLATERAL EVIDENCE INADMISSIBLE.—When there is a conflict of evidence as to whether plaintiff was to receive one dollar and ninety cents or two dollars per cord for cutting wood: *Held*, that testimony that defendant let contracts to other parties for one dollar and ninety cents per cord was inadmissible.

APPEAL from the District Court of the Second Judicial District, Washoe County.

The facts are stated in the opinion.

*Boardman & Varian*, for Appellant:

*A. C. Ellis*, for Respondent:

By the Court, BEATTY, C. J.:

Plaintiffs in this case sue for a balance claimed to be due on a contract for cutting wood. It is alleged in the complaint that the contract price was two dollars per cord. Defendant admits that the larger part of the wood was cut under a contract for two dollars per cord, but alleges that eleven thousand cords and upwards were cut at an agreed price of one dollar and ninety cents. Upon this issue the jury found for the plaintiffs, allowing two dollars per cord for all the wood cut.

Defendant moved for a new trial upon the grounds, first, that the finding of the jury as to the contract price was contrary to the evidence; and second, that the court had erred in excluding certain evidence offered by the defendant for the purpose of proving his side of the issue.

The motion for a new trial was overruled, and the defendant, on appeal from that order and from the judgment, relies entirely upon the two grounds stated in support of his motion for a new trial.

As to the first ground we can only say that, although the district court might have been justified in setting aside the verdict upon the ground that it was against the preponder-

ance of the evidence, there is no such decided preponderance against it as to authorize this court to interfere. The finding in question is fully supported by the testimony of one of the plaintiffs. He is flatly contradicted by the defendant and the agent of the latter. The apparent weight of the testimony, as presented by the statement of the case, is certainly against the verdict; but this is the most that can be said of it, and it is settled by a long line of decision in this court that we cannot reverse the finding of a jury on the ground that it is against evidence, unless the preponderence against it is so great as to satisfy us that there was either an absolute mistake on the part of the jury, or that they acted under the influence of prejudice, passion or corruption. (See 4 Nev. 156, 304, 395; 5 Id. 415, 281; 6 Id. 203, 215; 9 Id. 67; 11 Id. 96.)

The mere fact that the defendant was corroborated by his agent in his contradiction of plaintiffs' testimony is not sufficient to satisfy us that the finding of the jury was the result of mistake, passion, prejudice or corruption.

As to the second point, the alleged error of the court consisted in the rejection of defendant's offer to prove that he had made a number of contracts with third parties for cutting wood from the same tract from which plaintiffs cut the eleven thousand and odd cords in dispute, and that the highest price paid to such third parties was a dollar and ninety cents per cord.

We do not think the court erred in excluding this testimony. Its only tendency was to prove that others were willing to cut wood at that rate; it had no tendency to prove that these plaintiffs had agreed to do so. It is argued with some plausibility that if others were willing to cut wood at a dollar and ninety cents on section 14, that fact renders it improbable that defendant would have agreed to pay plaintiffs two dollars for cutting wood on the same section, and hence that the evidence ought to have been admitted for the purpose of sustaining the direct testimony of defendant and his witnesses and of enabling the jury to determine as to its credibility.

It is easy to conceive of a case in which evidence of this

character would have great weight and in which it might materially assist in arriving at a correct solution of the matter in dispute. But the rule of evidence is against the admission of proof of collateral facts for the purpose indicated (1 Gr. Ev., sec. 52), and it has been applied in cases in which it might have been relaxed with greater propriety and safety than in cases like this.

In *Hollingham* v. *Head*, 4 Com. B. N. S. 388, the defendant was sued for the price of a quantity of artificial manure. His defense was that he was not to pay for it unless it proved to be equal to Peruvian guano. It was shown that the manure was worthless; and, for the purpose of corroborating his testimony as to the terms of the contract, the defendant offered to prove that the plaintiff had made sales to other persons, agreeing that he was not to be paid unless the manure proved to be equal to Peruvian guano. That case was stronger than this, for the reason that the offer there was to prove what the plaintiff had consented to, while in this case the offer was to prove what had been done by third parties. The court, however, excluded the testimony and upheld the rule upon the ground that the admission of such speculative evidence would be fraught with great danger; in other words, that it would do more harm than good in the long run.

There is a special reason why counsel for appellant contends that he should have the advantage of a different rule in this case. One of the plaintiffs' witnesses testified that he had a contract for cutting on section 14 for two dollars a cord, and it is argued that defendant was entitled to introduce evidence of the same character. It is a sufficient answer to this to say that the testimony referred to was not drawn out by the plaintiff, but by the defendant on cross-examination.

We find no error in the judgment or order appealed from, and they are therefore affirmed.