## WILTSHIRE SAUNDERS, Respondent, *v.* WILLIAM R. STEWART, Appellant.

Absolute Conveyance May be Shown Mortgage by Parol. The principle that a conveyance absolute upon its face, whether of real or personal property, can in equity be shown by parol proof to be a mortgage, or to have been given only as security, or to have been obtained by fraud, mistake or undue influence, is too well settled throughout the United States to be disturbed.

Parol Proof to Show Equity Superior to Deed. The doctrine upon which parol proof is received to show a conveyance absolute in form to be a mortgage or security for a loan, is that such evidence is received not to contradict the instrument, but to prove an equity superior to it.

Appeal from the District Court of the Second Judicial District, Washoe County.

It appears from the complaint in this action that in April, 1870, the plaintiff being the owner of two wagons and ten horses with their harness, worth $1,400, for the purpose of securing M. C. Lake the payment of $598.20, caused a bill of sale of the property to be executed to him by P. Belton, to whom plaintiff had previously conveyed the same also by way of security. Afterwards plaintiff and defendant entered into a parol contract, by which defendant agreed to pay the debt to Lake, take the property into his possession, engage in the freighting business, pay the expenses of the business out of the proceeds, and at the end of three months settle with plaintiff, and after receiving his wages and the money advanced with interest, deliver back the property or its value or equivalent, if he should sell or exchange any part thereof. In pursuance of the agreement, plaintiff procured Lake to make a bill of sale to defendant; the property was delivered; and defendant then engaged in the freighting business; but after the expiration of the three months refused to account to plaintiff, or settle with him or deliver up the property. On the contrary, he claimed, as shown by his answer, that he had purchased the property absolutely and paid for it full value; that plaintiff had nothing to do with his purchase from Lake; that Lake was represented to him as the full owner thereof; and that Lake executed to him a bill of sale, in which he undertook to warrant and defend the title of the property against the lawful claims of all persons whatsoever.

The referee, to whom the cause was submitted, found as a matter of fact that the bill of sale to defendant was an absolute one; but in his report says: "In arriving at this result I have ruled out as incompetent under the pleadings, all the testimony tending to show that the conveyance from plaintiff to Belton was intended as a mortgage or pledge, and that Lake took the property as a mortgage with notice of a right of redemption in plaintiff, the said testimony having been objected to by defendant on the hearing as incompetent and irrelevant."

The final judgment of the court below was that the property should be delivered over to the plaintiff; that the debt of plaintiff to defendant had been paid by the earnings of the property; and that defendant should pay all the costs.

14

Saunders *v.* Stewart.

*William Webster,* for Appellant.

I. Parol evidence alone is not sufficient to authorize a court to enter a decree declaring a deed or bill of sale a mortgage or security; fraud or mistake should be made to appear, or some matter akin thereto, to authorize such decree. It is not claimed that defendant received the property in question as a security for the money paid to Lake. A trust, it may be, is relied on by plaintiff; the question will then arise, is there a trust declared? A trust of personal property may be created by parol and so proved, but whenever there appears a writing in relation to the property claimed to be trust property, this writing must and will govern both in law and in equity, and parol evidence cannot be introduced to vary or contradict its terms. Adams' Equity, 146; Hill on Trustees, 92. If plaintiff procured a bill of sale to be executed, is he not therefore estopped from showing a trust to have existed when such showing is only by parol?

II. Defendant had the right to sell or trade the property. How did he obtain such right unless he received it by reason of the bill of sale? That invested him with the title to the property. Thus plaintiff admits the title in defendant. Having thus admitted it, wherein consists the right of action of plaintiff against defendant? The pleader has stated that defendant had disregarded his trust, but no trust is charged in terms, neither will the facts warrant the conclusion that there was a trust.

*Thomas E. Haydon,* for Respondent.

I. The bills of sale from plaintiff to Belton, from him to Lake, and from Lake to defendant, no matter what their terms or covenants, were in law only surplusage; for the same transaction could legally have taken place by mere delivery from hand to hand as security; and such bills of sale by all authority could have been shown to be mere security for debts operating as chattel mortgages. A deed absolute on its face may be shown by the circumstances to have been intended as a mortgage. *Runkle & Lichtenstein* v. *Gaylord,* 1 Nev. 125; *Feusier* v. *Sneath,* 3 Nev. 131; *Bingham* v. *Thompson,* 4 Nev. 232. Parol testimony is admissible to show

that a bill of sale was intended as a mortgage. *Carlyon* v. *Lannan*, 4 Nev. 159; *White* v. *Sheldon*, 4 Nev. 293.

II. The judgment in this case is based on findings. There is no statement on appeal, and consequently the court cannot review any proceedings after the argument on motion for new trial. *Caldwell* v. *Greely*, 5 Nev. 262; *The Imperial Mining Co. ads. Barstow*, 5 Nev. 253. The court had power, this being a case of equity jurisdiction, to set aside the report of the referee on motion for new trial, and take up the testimony reported, find the facts and render a decree. *McHenry* v. *Moore & Murray*, 5 Cal. 92; *Cappe* v. *Bizzolara*, 19 Cal. 607; *Headley* v. *Ruel*, 2 Cal. 322; *Branger & Druar* v. *Chevalier*, 9 Cal. 353.

By the Court, WHITMAN, J.:

This action was brought to have a bill of sale of personal property absolute on its face declared a mortgage, and for an accounting. The referee to whom the case was sent found for appellant. The district court granted a rehearing, and upon the facts reported entered a decree for respondent. It is urged that the court erred both upon the facts and in the law.

The facts support the decree, and the law applied is too well settled in the United States to be disputed at this day. That an absolute conveyance, whether of real or personal property, can in equity be shown to be a mortgage, or to have been given only as security, by parol proof; that it was obtained or is vitiated by fraud, mistake or undue influence; or that the consideration upon which it depends is a loan, has been held by the federal court, and by the courts of last resort in New York, California, Iowa, Texas, Illinois, Mississippi, Wisconsin, Tennessee, Michigan, Connecticut, Pennsylvania, Indiana, North Carolina, Vermont, Ohio, Virginia, and so far as the digests indicate, by those of several other states, the citations from which it is impossible to verify, owing to the fragmentary condition of the library of this state. So also it has been held directly in *Carlyon* v. *Lannan*, 4 Nev. 159, while in other cases the general principle has been approved. The doctrine is, that such evidence is not received to contradict an instrument of writing, but to prove an equity superior thereto.

The order and decree of the district court are correct, and they are affirmed.