JOSIAH T. WALLS, APPELLANT, VS. M. ENDEL ET AL., APPELLEES.

1. A defence on "equitable grounds" may be interposed in ejectment by plea under the practice act of 1861. Such facts may be pleaded as would entitle the defendant to an injunction against enforcing the judgment if he filed a bill alleging the same and prayed an injunction.

2. A defence on equitable grounds in ejectment, the plea alleging that defendant was the owner of the property, and that plaintiff' title, though a deed absolute in form, was executed as a security to the plaintiff for money and other advances by him to the defendant, is good ; and if. proved will entitle the defendant to a verdict. Such deed is in law and equity a mortgage, and the remedy upon it is by foreclosure and sale for the amount secured.

3. Evidence to show that a deed absolute is in equity a mortgage may be given by parol under a plea on equitable grounds under the statute.

4. A mere extract from a record of a judgment is not evidence to prove a judgment. The whole record or an authenticated or proved copy is necessary.

5. A judgment in proceedings for forcible entry and detainer, is not evidence in ejectment, either in bar of a right of recovery of the premises, or of mesne profits.

6. A tax deed describing " one house and lot in Gainesville " is bad for uncertainty.

Appeal from the Circuit Court for Alachua county, Hon. James M. Baker, Judge of the fourth Circuit, presiding.

Moses Endel and Marcus Endel brought their action of ejectment against appellant, to recover a lot in Gainesville,

claiming title. Walls pleaded not guilty, and also tendered and filed a " plea on equitable grounds," as follows:

That on the 28th day of July, 1876, he was the owner and possessed the lot described in the declaration; that desiring advances to carry on his planting and plantation business, he applied to and obtained advances from the plaintiffs to carry on his planting operations, and that he agreed to secure the plaintiffs with said property; that thereupon he procured a paper to be drawn, which was an absolute deed in form; that he objected to giving such paper, and that Moses Endel told him and his wife that all they wanted was security, and that they would give to them a paper writing back, which they, the Endels, did under date of 29th July, 1876; that defendant has been in the possession and occupancy of said property, as the owner thereof; that at the time of making said deed he owed the Endels but a small amount, and the relation of debtor and creditor has always existed between them, and that if the Endels have any interest it is only a mortgage interest.

For a second plea on equitable grounds, defendant says that he is in possession of said property, having been placed in possession by virtue of a bond or obligation for title dated 29th July, 1876, and that no proceedings of any kind have been brought to cancel the bond or agreement to convey, and that no demand or notice of default has been made on him requiring payment.

On motion these pleas were stricken out by the court on the ground that under such equitable pleas justice could not be done between the parties. On the trial the court excluded testimony in support of such equitable defence.

To maintain the suit plaintiffs introduced and proved a deed executed by Walls and wife, conveying to plaintiffs the property in question in fee, and showed the rental value. Deed was dated 28th July, 1876.

Defendant offered in evidence a paper dated 29th July, 1876, executed by plaintiffs, by which they covenanted to convey to defendant the same property on payment to them by defendant of $1200 by the first day of December, 1877. Upon objection by plaintiffs, the court refused to admit the paper in evidence.

Defendant offered the "judgment" in a proceeding for forcible entry and detainer in favor of Walls against plaintiffs rendered in April, 1881, for three hundred and ninety dollars damages beside costs which was recovered by Walls against plaintiffs for having unlawfully turned Walls out of possession and for detention. This was offered for the purpose of showing that the rents during the time of the unlawful detention had been adjudicated and could not be recovered by plaintiffs against defendant.

The "judgment" offered in evidence consisted apparently of the minutes of the Circuit Court, and not the whole record or a copy of the whole record.

The paper being objected to by plaintiffs was excluded by the court.

Defendant offered in evidence a deed to Isaac Saunders executed by the County Clerk for unpaid taxes, dated April 30, 1877, conveying " one house and lot in Gainesville," assessed as the property of J. T. Walls for the taxes of 1875. This being objected to the court refused to receive it on the ground that the description was too indefinite to identify the property as the lot in question.

The jury found for the plaintiffs, and judgment being entered upon the verdict defendant appeals and assigns for error the ruling of the court in striking out the plea on equitable grounds and refusing to hear testimony in support of it, the rejection of the record of judgment in the forcible entry and detainer case, and the tax deed.

*E. C. F. Sanchez* for Appellant.

*Finley & Hampton* for Appellees.

The second ground of error assigned is, that the court below erred in striking out the equitable plea of defendant, " upon the ground that under such an equitable plea justice could not be done between the parties." An equitable plea is not admissible in an action of ejectment. David Petty vs. George H. Mays, 19 Fla.

The equitable plea offered by the defendant (Walls) sets up that the deed which was given by him to Endel & Son was intended as a mortgage. To admit such a plea in an action of ejectment would produce such a multiplicity of issues of law and fact that justice could not be administered. The jury would have to determine the facts and circumstances, and the court would then have to adjudge whether upon such a state of facts the instrument was intended or not to be a mortgage. Such a plea would invite the violation of a well established rule of evidence, viz : " That parol evidence is inadmissible (*in a court of law especially*) to vary the terms of a written instrument." .

We do not controvert the position that the defendant might have gone into a court of chancery and prayed for the right to redeem as a mortgagor. But there, in order to get equity, he would have to do equity. Such would not be the case in an action of ejectment. The whole doctrine of declaring a deed absolute on its face to be a mortgage, is *peculiarly* and *solely* a matter of the jurisdiction of a court of equity, having its foundation in the idea of mistake or fraud, or some other equitable ground. Chaires vs. Brady, 10 Fla. R., p. 133. For the law holds parties to their written contracts, especially when the terms of the contract or instrument are plain and unambiguous.

In an action of ejectment an absolute deed, regular upon its face and properly executed, is admissible as evidence of title. To be construed as a mortgage would require that the deed be reformed. But a court of law has neither the power nor process to reform a deed. It could not enforce the equitable maxim which requires the party who asks equity to do equity. Hence the Judge of the court below, in striking said equitable plea, is sustained by the statute which provides as follows, viz : " In case it shall appear to the court or a Judge that any such equitable plea * * cannot be dealt with by a court of *law*, so as to do justice between the parties, it shall be lawful for such court or Judge to order the same to be struck out." * * Sec. 64, McC. Dig., p. 827, and id., p. 826, Sec. 55.

The plea of the general issue, or " not guilty," put in by the defendant, shall put in issue the title of said land in controversy. Id., Sec. 2, p. 481. Under the law and practice in Florida no plea is admissible in an action of ejectment but the general issue, except to deny the possession of defendant, as required by the act of February. Id., p. 481, Sec. 6. The statute of limitations and every other admissible defence may be given in evidence under the general issue in ejectment. Wade vs. Doyle, 17 Fla. R., p. 522 ; Gale vs. Hines, 17 Fla., p. 773 ; H. H. Weiskoph vs. Abby J. Dibble, 18 Fla., pp. 24, 28.

, If then the defence attempted to be set up in the equitable plea of the defendant, Walls, in the court below, could have been available by evidence under the general issue, (without doing injustice to the parties in a court of law,) even in that case the equitable plea would be stricken. Spratt vs. Price, 18 Fla. R., p. 289.; Fla. Central R. R. Co. vs. H. Bisbee, 18 Fla., 61. All the issues of law and fact in regard to the title and the rents and profits may be tried in a court of law. Cavedo vs. Billings *et al.*, 18 Fla. R.,

p. 261.  If the defence set up in the said equitable plea raises an issue of fact or of law in regard to the title and the rents and profits (which it certainly does) such issue may be tried at law, (16th Fla., 261,) and if it is available at law the plea will be stricken.   18 Fla., 289.

Third.  The third ground of error assigned by applicant's counsel is, " because the court erred in allowing the plaintiffs below to introduce deed from Walls to them, though absolute on its face, when it was shown it was given to secure advances."   In the first place it is *not true in fact* that when this deed was offered in evidence by the plaintiffs " it had been shown that it was given to secure advances." This could not be true, for the deed is the first evidence introduced by the plaintiffs to establish their title.    And if it could have been shown by the defendant that the deed was given to secure advances that would be no reason why the deed should not go to the jury.    If the deed is regular and absolute on its face, and pertinent to the issue, it should go to the jury, even though it could be shown by extrinsic evidence that it was given to secure advances, or impeached in some other way.    Hogans vs. Carruth, 18 Fla., 587.

Fourth.  The fourth ground of error is, " that the court erred in refusing to allow R. F. Taylor, witness for plaintiff, to testify on cross as to whether or not it was intended for a deed, and the conditions under which it was made and executed.

The record shows that the witness, Taylor, did fully testify to the equitable grounds claimed by defendant, and that his testimony goes to refute the position assumed by defendant.    It shows that the deed was intended to be what it purported to be, an absolute conveyance ; that it was regarded by the parties as such, and that Walls agreed to pay rent for the premises ; that the subsequent agreement in writing (which defendant in the record calls a *defeasance*, but

which is a *bond for title*,) was intended to be what it purported to be, *a bond for title*, and *not* a defeasance; that it was not a simultaneous transaction with the deed from Walls, but *made and executed the* NEXT DAY AFTER THE DEED *was delivered and recorded, and was a new contract.*

But if these two instruments are taken together it would certainly seem that if the terms of the first contract did not express the intention of the parties, the second would. Will any court in the world allow parol evidence to vary the plain and unambiguous terms of both these contracts, and that, too, without any allegation or pretence of fraud or mistake ?

The second instrument is not a *defeasance*, but is a *bond for title ;* and a bond for title taken by Walls from the Endels implies and admits their title. The reasoning of Mr. Justice Westcott in delivering the opinion of this court in the cause of Mathews vs. Porter, 16 Fla., pp. 492–3, is very pertinent and conclusive on this point.

The doctrine that a deed, absolute on its face, can be shown to be intended to operate as a mortgage by *parol* evidence is quite unsettled by the adjudications of the different States.

We submit, however, that if parol evidence is ever admissible to vary or contravene the terms of a plain written instrument, it is not so admissible except in *equity, and not in action of ejectment.*

That *parol* evidence is " not admissible to contradict or vary the terms of a valid written instrument," this court says, " is well settled." See Robinson vs. Barnett, 16 Fla., 602. There are *thousands* of authorities to sustain this proposition—it is too well settled to quote from them. If the contract is *disputed*, or the terms are *uncertain*, contemporaneous facts and circumstances to throw light upon the disputed contract itself may be admitted, but here the

contract is *plain,* and *without ambiguity, and no fraud or mistake set up or pretended.* In Patchin vs. Pierce, 12 Wend., 61, Chief-Justice Nelson remarked : " An absolute deed may, *in equity,* be turned into a mortgage by parol proof, but that is on the assumption of *fraud* in the grantee, upon which ground the action of the court is sustained. If there is a mistake in the mortgage as to the amount of indebtedness of the mortgagor, the remedy in *all cases* of this kind is to be sought in a court of equity." The same doctrine is held in Bryant vs. Crosby, 36 Maine, 562, and in House vs. Russell, 36 Maine, 115.

In Arkansas parol evidence has been held admissible in *equity.* See Blakemore vs. Byrnside, 2 Eng., 505. But this was on the assumption of fraud. See Jordan vs. Fenno, 8th, 593. In Missouri an absolute deed cannot be shown to be a mortgage *at law.* See Hogel vs. Lindel, 10 Miss., 483. In Maryland parol evidence is held inadmissible unless in case of fraud, surprise or mistake. Watkins vs. Stockett, 6 Har. & John., 128.

But in the case at bar the evidence produced by the defendant shows, both by the written instrument or *bond,* as well as by parol, that there was no defence but a *bona fide* sale by Walls to the Endels, and afterwards a bond for title, being two separate and distinct transactions.

The evidence shows that Walls owed the Endels but a small amount (less than $100) on account, and that the additional consideration for the deed was paid by the Endels to or for Walls, and that Walls recognized and admitted the sale by agreeing to pay rent, as testified to by witness Taylor.

We beg again to refer to the case of Mathews vs. Porter, 16 Fla., 466, *et seq.,* where it is held that the *clearest* and *strongest* testimony is required to turn an absolute deed into a mortgage. Such is not the case, as shown by the record

in this case.   The preponderance of even the parol evidence
shows that the deed  was intended to  be a deed absolute as
it is written and executed.

As to the fifth  error assigned, we reply that the record
shows that  the evidence had already been introduced by
defendant in regard to the rent.   The law is that " where
one party resorts to  parol evidence to impeach an instru-
ment, the adverse party may, of course, meet this by parol
evidence on his part."   Averill vs.  Loucks, 6 Barb., p. 19,
and 6 Duer., 203.

In regard to  the sixth  error assigned, the answer to the
fourth error is responsive.   The witness Taylor, as the
record shows, did fully testify as to the conduct of the par-
ties and circumstances attending the execution of the papers.

To the seventh error we reply that the agreement to
convey or bond for title, unless it showed a defeasance, was
not proper evidence in an action of ejectment.   The instru-
ment is a  bond for title and necessarily admits the title
in the Endels, and  if admitted would not have helped the
defendant.

To the eighth error we reply  that the defendant did tes-
tify fully on the subject of the deed.   But he is by law es-
topped from denying the terms of the deed or its consider-
ation. · 10  Barber, 582, (Taylor vs. Baldwin,) and Patchin
vs. Pierce, 12 Wend., 61 ; Shemerhorn vs. Banderheyden, 1
Johnson, 139, 3d American Decisions, p. 304.   Besides it
was immaterial whether a consideration was ever paid or
not so far as this case was concerned. It might be cause for
action to recover the purchase money.

9. The question contained in the ninth error is immate-
rial.

10. The matter contained in tenth error is immaterial
and improper in an action of ejectment.

The next error assigned is " because the court erred in re-

fusing to allow defendant to introduce tax deed to Isaac Sanders, upon the ground that the description was insufficient." A description of the property in a deed cannot be too minute and accurate. Indefiniteness in description avoids the sale, as in deed to lands sold for taxes. 4 Cruise, Digest, p. 221 ; 10 Gill and Johnson, p. 207.

The description of the land in the tax deed referred to is "a house and lot in the town of Gainesville," not giving the number of lot or streets, or boundaries, or any description of the location, not even the county or State. A sheriff's deed, which describes the land as "all that plantation or tract of land lying in Sumter District," is void for uncertainty, and neither the sheriff's advertisement nor his oral testimony is admissible in evidence to show what land was meant to be conveyed. Broughton vs. Birchmore, 18 Am. Decisions, p. 654, and 6 Am. Decisions, p. 666.

Another fatal objection to the admission of this tax deed to Sanders is that Walls was estopped, either by a deed or mortgage to Endel, from setting up an outstanding title, he being Endel's grantor under a warranty deed. Barber vs. Harris, 15 Wend., 615.

In conclusion: This court ruled that " where, upon a general view of the case, giving the appellant every fair construction of the facts in his favor, an application of the principles of law controlling the matters involved justifies the judgment, it must be affirmed. Spratt vs. Price, 18 Fla., 289.

THE CHIEF-JUSTICE delivered the opinion of the court.

The first and material question in this case is whether in an action of ejectment a " plea on equitable grounds " is appropriate and should be allowed ; whether under the first equitable plea interposed in this case, viz : that the appar-

ent legal title of the plaintiff was a deed absolute in form, but in fact was executed to secure the indebtednesss of the grantor to the grantees, and was in equity a mortgage.

Our statute enacts a recognized rule of equity, that all deeds of conveyance conveying or selling property for the purpose or with the intention of securing the payment of money shall be deemed and held as mortgages and shall be subject to the same rules of foreclosure and the same regulations and restrictions as now are or may hereafter be prescribed by law in relation to mortgages. Act January 30, 1838.

In 1853, Chapter 525, this was re-enacted with a further provision, that in no case shall the right of possession of the property by the mortgagee be recognized in a court of justice until a due foreclosure according to the forms of law for the foreclosure of mortgages. McC. Dig., 765.

At common law the rule was well settled that in ejectment or any other form of action for the recovery of land it was incompetent to prove by parol that a deed of conveyance in fee was intended by the parties to be a mortgage or held as a security for money. Webb vs. Rice, 6 Hill, N. Y., 219. Though it might be shown by parol in equity. 4 Kent's Comm., 142, and authorities cited.

By section 69 of " an act to amend the pleading and practice in this State," approved February 8, 1861, it was enacted that the defendant in any cause in any court, in which if judgment were obtained he would be entitled to relief against such judgment on equitable grounds, might plead the facts which entitle him to such relief by way of defence: *Provided*, Such plea shall begin with the words, " for defence on equitable grounds," or words to the like effect.

Would the defendant, if he had not made such plea, and judgment had gone against him upon the issue of law, be

entitled upon the facts pleaded by him to relief against such judgment, by bill in equity and injunction?

In Petty vs. Mays, 19 Fla., 652, it is said that " an equitable right which might be available in equity cannot avail the defendant in ejectment as against the legal title." The plea in that case was " not guilty " only. The question of pleading an equitable defence was not raised. What was said was in reference to the legal defence pleaded.

This plea, though not artificially drawn, alleges that the plaintiffs' right, though in form a deed absolute, yet that it was given as a security for indebtedness and advances to be made by plaintiffs to defendant to carry on his business, that he objected to it in that form, but was told by plaintiffs that " all they wanted was security," and would give defendant " a paper writing back, which they did " the next day, and defendants have remained in possession of the premises, and the plaintiffs have only a mortgage interest, if any, in the property, under the circumstances stated.

If these circumstances were alleged in a bill to enjoin the judgment mentioned and proved, such judgment certainly ought to be enjoined because the result of these facts is that the deed was given to secure the payment of money, and is therefore, by the rules of equity, only a mortgage, and the statute we have cited declares it to be a specific lien, and that the holder cannot have possession without due foreclosure, decree and sale ; while the judgment at law would give possession without foreclosure and sale.

A plainer case for equitable relief can scarcely be imagined. If the plaintiff has only a specific lien on the property, though it is in form a deed in fee, it is not only inequitable but contrary to the plain words of the statute that he should obtain possession otherwise than by due foreclosure of the mortgage interest.

Any fact which clearly proves it to be against conscience

to execute a judgment at law, of which the complainant could not have availed himself in a court of law, will induce a court of equity to enjoin the judgment. Marine Ins. Co. vs. Hodgson, 7 Cr., 332 ; 1 Story's Eq. Jur., §887.

The Codes of New York, Wisconsin and other States allow equitable defences in suits elsewhere denominated remedies or actions at law, and they are held to include actions of ejectment. Our statute allows the defence on equitable grounds in any cause, in any court, in which the defendant would be entitled to relief against the judgment if obtained at law. Necessarily the courts to give effect to the statute must admit under the equitable plea such evidence as could be received to establish the facts if they were alleged in a bill in equity. In Despard vs. Walbridge, 15 N. Y., 374, 378, the court say, " that since the enactment of the Code of Procedure a defendant may avail himself of an equitable as well as legal defence in all cases, whatever may be the nature of the action, there would seem to be but little room for doubt," citing Dobson vs. Pearce, 12 N. Y., 156 ; Crary vs. Goodman, id., 266. " That a deed absolute on its face was intended as a mortgage, would, before the Code, have been an equitable defence, because it could not have been proved at law. In order that it should now be made available in legal action, as provided by the Code, the evidence to establish it must be admitted in that class of actions."

In Kent vs. Agard, 24 Wis., 378, it is said " the plaintiff should have been allowed to show by parol that the absolute deed was intended as a mere security and was consequently only a mortgage. That this may be done in some form of action is not contested. And I see no reason why it may not be done in an action to recover the possession of real estate. When the facts are proved such deed is a mortgage only, both in law and in equity. The rights of the

mortgager and mortgagee are precisely the same as though the defeasance were contained in the deed itself. The only difference is in the manner of proving the defeasance." And see Murray vs. Walker, 31 N. Y., 399; Brick vs. Brick, 98 U. S., (8 Otto) 514.

"The doctrine is that such evidence is not received to contradict an instrument of writing, but to prove an equity superior thereto." Saunders vs. Stewart, 7 Nev., 200.

There is no apparent difficulty in arriving at the justice of the case by a trial of the facts under this plea in ejectment, for if it be shown to the satisfaction of the jury that the deed was intended at the time it was executed to be a security for the payment of money due or to become due, or to secure advances to be made by the creditor, they must find for the defendant upon that deed; and the creditor's remedy must be to enforce his claim by a foreclosure of the lien.

We therefore conclude that the court erred in striking out the first "plea on equitable grounds." The second equitable plea does not show a defence at law or in equity. It does not allege performance.

The appellant excepted to the ruling of the court in refusing to receive in evidence the "judgment" of the Circuit Court in the forcible entry and detainer proceedings. The court committed no error in this ruling. The judgment in those proceedings does not conclude the parties in ejectment, either as to the title or the question of mesne profits as damages. And it may be well to remark here that the "record" offered was not a complete record but only a portion of a record. It was not competent evidence. Stark and Wife vs. Billings, 15 Fla., 318; Greenl. Ev., §501, *et seq.* The whole record or an authenticated or sworn copy of the whole should be produced. The minutes or portion of the

record here produced do not show the subject matter of the suit.

As to the rejection of the tax deed, whatever the object may have been in offering it, the court decided properly. It contained no description of any property which could be identified as the lot in question.

It is unnecessary to notice in detail the numerous assignments of error. What has been said sufficiently covers the whole case.

We suggest that the verdict in this record does not find what estate the plaintiff had in the premises. This is required by the statute. Ch. 3244, Act Feb. 22, 1881 ; McClellan's Dig., 481. And the judgment must correspond with the verdict in this particular. Ib.

Judgment reversed and new trial granted.