PENSACOLA LUMBER COMPANY, A CORPORATION, PLAINTIFF IN ERROR, V. SUTHERLAND-INNES COMPANY, A CORPORATION, DEFENDANT IN ERROR.

1. 'Pleas on equitable grounds' in actions at law must be purely defensive and are never admissible when they raise issues with which the court on its common law side is competent to deal.

2. To an action for breach of a lumber contract, a 'plea in equitable grounds' to the effect that the real consideration for the contract sued on was another contract or combination entered into by the parties with three other lumber dealers designed to control the price of lumber in that port, which other contract or combination the plaintiff had violated, and that by mistake of law the latter was not written into the contract sued on, is bad and a demurrer thereto is properly sustained.

This case was decided by Division A.

Writ of Error to the Circuit Court for Escambia County.

The facts in the case are stated in the opinion of the Court.

*Blount & Blount,* for Plaintiff in Error.

*Avery & Avery,* for Defendant in Error.

COCKRELL, J.   The Sutherland-Innes Company brought an action at law for breach of contract, which was made part of the declaration and is in the following words and figures:

"Pensacola, Fla., July 1st, 1902.

Memorandum of Agreement,

Entered into this 1st day of July, 1902, by and between

The Sutherland-Innes Co. Ltd. of Pensacola.

The Pensacola Lumber Co. of Pensacola

in which the Sutherland-Innes Co. agree to buy and receive & The Pensacola Lumber Co. agree to sell and deliver the following P. P. Sawn Timber, namely:—3000 pieces, not exceeding 45 cft. average, usual good quality, at 15 cents basis, 40 cft. avg. at Ferry Pass.  Delivery to be made in monthly proportions, during the months of July, August, September.  Payment cash on receipt of specifications and boom receipts.  Usual interest, from date of payment of specifications to be paid by Sutherland-Innes Co."

There was verdict and judgment for the plaintiff in the sum of seven hundred dollars.  To review that judgment the defendant prosecutes this writ and assigns as error the sustaining of a demurrer to its amended equitable plea.

The purpose of this plea, which is quite lengthy  and need not be set forth in full, was to show that the actual consideration for the contract sued on was another contract or combination entered into by these parties together with three  other  lumber  dealers in  Pensacola

jointly with the object in view of fixing the price of lumber at that port that might be controlled by these five dealers and that the plaintiff had breached the latter contract; the "equity" of the plea must be found in this paragraph: "That the plaintiff and defendant jointly prepared the contract attached to the declaration, and that the plaintiff when it signed the said contract was ignorant of any rule of law requiring the whole of the stipulation of both parties to the written contract to be embraced in the writing, or, if it knew of such rule, it at said time failed to remember the same, or with the intent to defraud the defendant failed to apply it or to inform the defendant thereof; that the defendant was at the time of said signing and after the bringing of this suit ignorant of the said rule, and that the said paper sued upon herein was because of the said ignorance, forgetfulness or fraud of plaintiff and of the said ignorance of the defendant, not so written as to embrace in it the fact theretofore agreed upon that the compliance by the plaintiff with the stipulations of the contract, evidenced by Exhibit 'A' attached hereto, was the consideration for the entering by the defendant into the contract of sale and delivery of timber with the plaintiff, upon which plaintiff brings this suit."

Various objections to the sufficiency of the plea are urged before us. Among others that the manner of stating the cause of the omission is loose and indefinite; that it relies on a mistake of law purely and not upon any mixed question of law or fact, such as the meaning of technical terms and the like; no fact is alleged that tends to show fraud or overreaching or inequality of information or intelligence; that the contract sought to be injected into the one sued on is a joint contract in which parties not before the court are interested, and that the contracts are shown

to be independent and not dependent. These objections are entitled to serious consideration before being over-ruled, but without passing upon them, we shall plant the affirmance on another ground.

The writer is not in harmony with his Brothers as to the admissibility of equitable pleas in actions at law; but the court is fully committed to the rule that such pleas are purely defensive and are never admissible when they raise issues with which the common law side of the court is competent to deal.

The apparent intent of this plea is to alter or amend the written instrument and if this should be permissible under the facts alleged in the plea, it does not appear that the *defense* could not be made at law as well as in equity, the rule being the same in either court. Bacon v. Green, 36 Fla. 325, text 338, 18 South. Rep. 870. Under that decision we are not prepared to hold that a court will ever under the guise of an amendment so alter an instrument as practically to destroy it or so alter it as to remit to others not parties thereto or in any wise bound thereby to say capriciously whether or not the contract shall be binding on the contracting parties.

The demurrer was properly sustained and the judgment is affirmed.

SHACKLEFORD, C. J., and WHITFIELD, J., concur.

TAYLOR and HOCKER, JJ., concur in the opinion.

PARKHILL, J., disqualified.