W. O. HOBBS AND SAMUEL STRIBLING, COPARTNERS AS W. O. HOBBS & COMPANY, *Appellants,* v. ELLA C. CHAMBERLAIN, *Appellee.*

1. The purpose of the statute authorizing pleadings on equitable grounds in certain cases at law, is to facilitate the administration of justice in courts that can deal with such equitable pleadings.

2. A temporary injunction restraining eviction proceedings in the county judge's court should not be dissolved on the ground that the relief sought may be obtained by a plea on equitable grounds in the eviction proceedings in the county judge's court.

This case was decided by Division A.

Appeal from Circuit Court for Hillsborough County.

The facts in the case are stated in the opinion of the court.

*H. S. Hampton,* for appellants;

*H. C. Gordon,* for appellee.

WHITFIELD, J.—The appellants obtained an injunction restraining the appellee from prosecuting a cause at law in the county judge's court to evict appellants from the possession of certain described premises. The equities alleged in the bill of complaint are, in brief, that appellants are in posession of the land by virtue of an agreement to renew a prior lease, which renewal was provided for in such lease; that in faith of which agreement the appellants expended large amounts in improving the property, and to be evicted by the summary proceedings invoked with no right to supersede a judgment of

eviction pending appellate proceedings to finally adjudicate the rights of the parties, would ruin appellants' livery stable business and cause a loss of the improvements which will be an irreparable injury to appellants. The answer admitted the lease and its provision for a renewal, but denied the renewal of the lease and the large expenditures on the land.

The order granting the injunction states that "the complainants have an equitable right to an extension of the lease, and in case of an adverse decision to the complainants an appeal will not operate as a supersedeas, whereby the complainants are liable to suffer great loss and damage." Subsequently the court made the following order: "The motion to dissolve the temporary injunction granted on the ground that the complainants can set up the same matter by way of an equitable plea in the action at law." The complainants appealed and assigned the last order as error.

It does not appear that a plea upon equitable grounds had been presented in the law case.

The question to be determined is whether the statutory right to present an equitable plea in an action at law is a sufficient ground for dissolving the injunction granted in this cause.

The statute provides that "the defendant in any cause in any of the courts of this state in which, if judgment were obtained, he would be entitled to relief against such judgment on equitable grounds, may plead by plea or subsequent pleading and the facts which entitle him to such relief by way of defense." "If it shall appear to the court that any such equitable pleading cannot be dealt with by a court of law, so as to do justice between the parties, such court may order the same to be struck out on such terms as to costs and otherwise as to it may seem reasonable." Sections 1438 and 1440, General Statutes of 1906.

These statutory enactments do not exclude proper equitable remedies, but merely permit a defendant in a cause in a court of law under stated circumstances to present a plea upon equitable grounds, and provide that if such equitable pleading can not be dealt with by the court of law, so as to do justice between the parties, it may be stricken. Markham's Common Law Procedure, 192.

The evident purpose of the statute is to authorize pleadings on equitable grounds in certain cases at law where such pleadings would facilitate the administration of justice in courts that can deal with them. A defendant having an equitable defense to an action at law is not required by the statute to present it to the law court in any case. If the equitable defense is not presented in an action at law under the statute any proper equitable remedy may be invoked. See Thrasher v. Doig & Geiger, 18 Fla. 809; Lockett v. Robinson, 31 Fla. 134, 12 South. Rep. 649; 4 Pomeroy's Eq. Jur. (3rd ed.) § 1367; Day's Common Law Proc. Act, 334.

It does not clearly appear that the statutory right to present a plea on equitable grounds in the action by the appellee to evict the appellants affords an adequate remedy at law. The county judge's court has only a very limited jurisdiction in civil causes at law, and has no equity jurisdiction. The proceedings under the statute to evict a tenant, who, after the expiration of his lease holds over without the consent of the landlord, are special and summary in their character, the procedure being specifically prescribed in the statute. A judgment of eviction in such a cause cannot be superseded pending appellate proceedings to finally determine the rights of the parties. In addition to this, independent equities are set up in the bill of complaint, and the trial court granted the injunc-

tion after adjudicating equity in the bill. See Foster v. Reeves, L. R. 2 Q. B. D. (1892) 255.

Even where a plea upon equitable grounds can avail the defendants under the statute the right to interpose such a plea is merely permissive. Such pleas are purely defensive and consequently do not afford as broad a remedy as equity gives. Pensacola Lumber Co. v. Sutherland-Innes Co., 50 Fla. 244, 39 South. Rep. 789.

The injunction restraining the defendant from further prosecuting the eviction proceedings against the complainants in the county judge's court was dissolved on the specific ground that the complainants can get the relief prayed for by presenting a plea on equitable grounds in the eviction proceedings in the county judge's court.

If the injunction was properly granted the permissive right to interpose a plea on equitable grounds, if available in eviction proceedings before a county judge, is not a ground for dissolving the injunction, since such a right if it exists and is not invoked does not deprive the complainants of any equitable remedy to which they may be entitled.

The court found that the complainants were entitled to an injunction; and as the specific ground upon which the injunction was dissolved is not well founded in law, the order dissolving the injunction should be, and is hereby reversed.

SHACKLEFORD, C. J., and COCKRELL, J., concur.

TAYLOR, HOCKER and PARKHILL, JJ., concur in the opinion.