N. U. BOND v. C. W. HEWITT.

149 So. 606.

Opinion Filed June 23, 1933.

Rehearing Denied August 2, 1933.

Extraordinary Petition for Rehearing Denied Sept. 21, 1933.

*Spear, Viney & Skelton,* of St. Petersburg, Attorneys for Plaintiff in Error;

*Carey & Askew,* of St. Petersburg, Attorneys for Defendant in Error.

PAUL C. ALBRITTON, Circuit Judge.—This is an action in which the plaintiff in error filed a declaration setting up that he had purchased .of the defendant in error certain lands in Pinellas County and for which the defendant in error had executed and delivered to him a warranty deed warranting that, among other things, the land was free from all encumbrances and liens of every nature and kind whatsoever, "including taxes," and the plaintiff further alleged that the lands were not free from all liens and encumbrances at the time of the delivery .of the deed, but were subject to certain state, county and municipal taxes of the City of St. Petersburg, Florida, and to certain paving liens which the plaintiff in error was. obliged to and did pay to protect the land, in the sum of $3,646.07.

The defendant in error filed three pleas, the first two being as follows:

First: That he did not promise as alleged.

Second: And for a further and special plea to said declaration, he says that this transaction between himself and N. U. Bond, the plaintiff, as indicated by the deed, a copy of which is attached to the said declaration, was not an original transaction between the said N. U. Bond and this defendant, but was the conclusion of a certain business deal which had taken place between N. U. Bond and this defendant, a year or more prior to the date of this deed, by which former transaction, N. U. Bond had made a loan to this defendant of one hundred twenty-five thousand dollars ($125,000.00), of the following described property:

Lots 7 and 8 and the East 32 feet of Lot 9 of Block 2, of Snell and Hamlett's Lake Side Subdivision in the City of St. Petersburg, according to the plat of said subdivision, recorded in Plat Book 4, page 112, Public Records of Hillsborough County, Florida, of which Pinellas County was formerly a part.

which was owned by this defendant, free and clear, said loan being made for the purpose of constructing certain improvements on said real estate and said money was so used to make the improvements thereon. The property as thus improved was known as the "Ninth Street Public Market." After this indebtedness had been carried for a while, this defendant became unable to continue the payments of interest, taxes, assessments and other charges required by N. U. Bond, and in order to save the said N. U. Bond, the delay and expense of foreclosing his mortgage on said property, and for the purpose of satisfying said indebtedness, he agreed to convey the entire property as thus improved, to the said N. U. Bond, by a deed of con-

veyance, and in return therefor, was to receive the cancelled mortgage and the notes secured thereby which had been placed upon said property. It was fully understood by both N. U. Bond and this defendant at the time of this conveyance, and it was the contract between them, that the taxes and liens set out and described in the declaration, were outstanding against this property, and that said taxes, liens and encumbrances were not to be paid by this Defendant, but were to be assumed and paid by plaintiff as a part of the consideration for the conveyance of the property to him, the property at that time being worth Two Hundred Thousand Dollars ($200,000.00).

The plaintiff filed a joinder of issue and the cause was tried by a jury, which resulted in a verdict and judgment for the defendant. Before the judgment was entered the plaintiff filed a motion for judgment *non obstante veredicto* or for a repleader on the grounds that the pleas of the defendant set up immaterial issues, and the trial was had upon such issues joined. There were other grounds of the motion, but which are not set out here. There are twelve assignments of error but we are only concerned here with those that deal with the sufficiency of the pleas and the testimony introduced before the court in support of the pleas.

Counsel for defendant in error contend that there was an abandonment of the first plea before the cause went to trial, but contrary to this contention there is nothing in the record to indicate that the plea was ever abandoned. The demurrer to the first plea should have been sustained. The general issue in covenant at common law was *non est factum* and this plea is retained in our statute in the English form "That the alleged deed is not his deed." Sec. 4332-4333 C. G. L. Fla. 1927. In actions on specialties and covenants

the plea of *non est factum* shall act as a denial of the execution of the deed in point of fact only, and all other defenses shall be specially pleaded. See Circuit Court Rule 67 for the Government of Circuit Courts.

All three pleas set up immaterial issues and were improper. Where pleas set up immaterial issues and the parties go to trial on such issues, the trial court should either give judgment for the plaintiff *non obstante verdicto,* or grant a repleader, and if that course is not followed an appellate court should reverse the judgment, if for the defendant, although it may not direct a judgment or repleader. Peoples National Bank of Orlando v. Magruder, 77 Fla. 235, 81 So. 440; Jones, *et al.,* v. Shoemaker, 41 Fla. 232, 26 So. 191.

The defendant in error contends that the effect of the second plea is to permit a written instrument to be varied, contradicted or defeated by parol evidence, and that the allowance of the plea and the testimony in support of it was error. This court has committed itself to the doctrine that where a deed of conveyance recites a consideration of one dollar and other valuable considerations, the statement is to the consideration is not complete and the true consideration may be shown by parol. Herin, *et al.,* v. Abbe, 55 Fla. 769, 46 So. 183. See also Sullivan, *et al.,* ex'rs, v. Lear, wherein this Court also held that where a deed of conveyance or assignment acknowledges receipt of a valuable consideration, without spcifying what it is, parol testimony is admissible to prove the character of the consideration. 2 So. 846, 23 Fla. 463. And again in the case of Florida Moss Products Company v. City of Leesburg, *et al.,* 112 So. 572. The general rule is that parol evidence is not admissible to vary, contradict or defeat the terms of a complete and unambiguous written instrument. To the

general rule there are two recognized exceptions. They are: First, that where a written instrument does not purport to contain the entire agreement between the parties thereto, nor to have been intended as a complete statement or whole contract, and where such instrument was executed pursuant to a parol agreement and in part performance thereof, parol evidence is admissible when consistent with, and not contrary to such written instrument. Chamberlain v. Lesley, 39 Fla. 452, 22 So. 736. Second, that, where the deed of conveyance recites a consideration of a sum of money and other valuable consideration, the statement of the deed as to the consideration thereof is not complete and the true character of the consideration may be shown by parol. The exception just quoted, however, does not permit proof of an oral agreement for the purpose of imposing a further contractual obligation on one of the parties of which there is no indication or suggestion in the written contract, when such obligation is not only inconsistent with, but repugnant to other plain terms of the instrument. It is not permissible under the guise of proving by parol the consideration of a written instrument, to add to or take from the other provisions of the written instrument nor to modify, impair or destroy the operative effect thereof. If the rule were otherwise the obvious result would be to abrogate the long settled rule respecting the finality of written contracts. The exception last above mentioned should not be extended to include every motive that prompts the making of a contract, even though that motive be related to or forms a part of the consideration. Where the consideration sought to be shown by parol is purely contractual in its character, and imposes upon one of the parties an additional contractual obligation repugnant to the plain terms of the written contract, parol proof may

not be resorted to for the purpose of enforcing such additional obligation, since parol evidence is no more admissible to vary or add to the written instrument in that respect than it is in any other. Fla. Moss Products C. v. City of Leesburg, *et al.,* 112 So. 572. In the Herrin v. Abbe case, *supra,* a bill was filed to foreclose a mortgage executed on certain property by Herrin, who, after the execution of the mortgage, deeded the property to one Whitted "subject to all liens and mortgages outstanding of record against the same." It was alleged in the bill of complaint that Whitted had assumed and agreed to pay the mortgage described in the bill as a part of the purchase price. The complainant in that case contended that Whitted was personally bound because of that fact. The defendant Whitted admitted by answer that he took the conveyance subject to the mortgage but that he did not agree to pay the same. The proof of the issue on this point was submitted by parol, which the court held was entirely proper, since the provision in a deed of conveyance that the property is conveyed subject to all liens and mortgages standing of record against it, has no reference to the consideration for which the conveyance was made, and evidence relating to the true consideration of the deed as actually agreed upon, does not contradict, add to, or vary the provision making the conveyance subject to encumbrances. Citing Wilson v. King, 23 N. J. Eg. 150. The allegations of the bill of complaint in the case of Fla. Moss Products Co. v. City of Leesburg, *supra,* are more nearly conformable to the defenses interposed by the appellee here. In that case it was alleged that the complainant, Fla. Moss Products Co., conveyed land to the City of Leesburg in fee simple, with the usual covenants of full warranty, and though the consideration was stated to be Ten Dollars and other valuable considerations, the true consid-

eration was $15,000.00, and the agreement and representation on the part of the City of Leesburg that it would use said land for park purposes, and that the same was intended for and would continually be used for park purposes, which said representation and agreement it was further alleged "was an integral and material part of the consideration of said deed." Injunctive relief was sought to prevent the city from selling the property and to prevent the abandonment by the city for use for park purposes. There were no allegations that the said agreement and representation was in writing. The bill was dismissed on demurrer with the enunciation by the court of the principles of law above cited.

A deed of conveyance is and should be one of the most sacred and binding agreements made between men. Deeds are, unless encumbered with conditions and stipulations as to the use and occupancy of the land, a complete release of all rights forever. The provisions of a deed passing and releasing forever a title should not be more binding than particular covenants against ouster and molestation or any other reasonable covenant. The effect of the second plea and the testimony taken in support of it contradicted the guarantor's warranty against encumbrances, especially taxes, and this is particularly true with respect to any taxes which were a lien upon the premises when conveyed. The effect of the second plea and the parol testimony offered and admitted in support of it resulted in a nullification, insofar as this cause is concerned, of the covenant in the deed against encumbrances and taxes. The authorities cited here, and their application, leads us to this conclusion of law: That where a grantor executes and delivers a deed with covenants against encumbrances, parol testimony is not admissible to modify, alter, change or vary such cove-

nants, under the guise of showing what the real consideration was at the time of its execution and delivery, and consequently a plea as a defense to a suit in covenant in such case, setting up as a defense the true consideration, inconsistent with such covenants, is improper and should be stricken out on motion, or a demurrer thereto sustained.

The third plea is termed an equitable plea, setting up practically the same facts as the second plea, with the additional statement. "The retention of this quoted clause (*including taxes*) (italics ours) in said deed being a mutual mistake on the part of both the grantor and the grantee therein, it, as a matter of fact and right, not being a part of the contract made between the parties to said deed, and it appears in the deed now solely by reason of the error, mistake and inadvertence of the parties thereto, in failing to strike it therefrom, it being a printed formal part of the deed, not made for this transaction and not intended for it."

Sec. 4301, C. G. L. 1927, Sec. 2635, R. G. S. 1920, provides that the defendant in any cause in any of the courts of this State in which, if judgment were obtained, he would be entitled to relief against such judgment on equitable grounds, may plead by plea or subsequent pleading the facts which entitle him to such relief by way of defense. No facts are set up in the plea which would entitle the appellee to an injunction or other equitable relief against a judgment, had one been entered against him. The apparent intent of this plea was to alter or amend the written instrument. Equitable pleas are purely defensive and consequently do not afford as broad a remedy as equity gives. Pensacola Lbr. Co. v. Sutherland-Innes Co., 39 So. 789, 50 Fla. 244; Hobbs v. Chamberlain, 55 Fla. 661, 45 So. 988. A written contract cannot be reformed in an action at law. A court

of equity must be resorted to for that purpose. Capital City Bank v. Hilson, 64 Fla. 206, 60 So. 189.

All three pleas interposed by the defendant in the court below, the appellee here, were improper and immaterial, and the demurrer should have been sustained. Since this Court may not order a judgment *non obstante veredicto* the judgment of the lower court is reversed and the case is hereby remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded with directions.

Davis, C. J., and Whitfield, Terrell, Brown and Buford, J. J., concur.

Ellis, J., absent on account of illness.

### On Extraordinary Petition for Rehearing.

Per Curiam.—Nothing in the opinion heretofore adopted and filed by this Court will preclude the institution of appropriate proceedings in equity for the reformation of the deed whose covenants have been sued on, if defendant in error conceives that he is able to allege and prove such sufficient facts as will warrant reformation of the deed. Such was the procedure approved in Capital City Bank v. Hilson, 64 Fla. 206, 60 Sou. Rep. 189; Ann. Cas. 1914B 1211, after this Court in an earlier suit at law had already construed the legal effect of the written contract involved, against the complainant seeking reformation. For first decision see Capital City Bank v. Hilson, 59 Fla. 215, 51 Sou. Rep. 853.

Our previous opinion which has been announced in the present case, is clearly to the effect that if reformation of the deed here involved is required, a court of equity, and not a court of law, must be resorted to by the injured party

for such reformation. To that opinion we continue to adhere and deny the extraordinary petition for rehearing.

Extraordinary petition for rehearing denied.

DAVIS, C. J., WHITFIELD, TERRELL, BROWN and BUFORD, J. J., concur.

ELLIS, J., did not participate in this case.

Opinion by Circuit Judge Albritton.