CORDELIA SHEILL BOSTWICK v. VAL M. ANTUONO

150 So. 731.
156 So. 435.
Division B.
Opinion Filed October 26, 1933.
Opinion on Rehearing August 1, 1934.

*Baskin & Jordan,* for Plaintiff in Error;

*Raney, Raney & Wanamaker,* for Defendant in Error.

PER CURIAM.—This cause having been submitted from the transcript of the record of the judgment herein and briefs and argument of counsel for the respective parties, and the record having been inspected, and the court being now advised of its judgment to be given in the premises, it seems to the court that there is no error in the said judgment. It is therefore considered, ordered and adjudged by the court that the judgment of the circuit court be and the same is hereby affirmed.

Affirmed.

WHITFIELD, P. J., and BROWN and BUFORD, J. J., concur.

WHITFIELD, J.—This action is on an alleged assumption of mortgage contract contained in an instrument alleged to be a conveyance of real estate covered by such mortgage.

The declaration in substance alleges that on July 10, 1922, Ed. A. Haley gave to M. W. Ulmer a promissory note for

$15,000.00 with a mortgage upon described real estate to secure the note; that on September 12, 1922, Ed A. Haley sold and conveyed the property for a consideration of "ten dollars and other valuable considerations," to Val M. Antuono who assumed and agreed to pay the said mortgage "whereby the said Val M. Antuono became the primary obligor for the payment of the said $15,000.00 promissory note;" that on January 10, 1923, M. W. Ulmer endorsed the note and assigned the mortgage to Wm. T. Schiell, who died December 18, 1933, from whom the plaintiff, Cordelia Schiell Bostwick, received title to the note and mortgage. The action is on an alleged assumption of the mortgage given by Haley to Ulmer that is contained in the alleged deed of conveyance to Val. M. Antuono by Haley who owned the property.

Pleas No. 2, 3, 4, 5, and 6 were eliminated on demurrer. Plea No. 11 was stricken on motion. A motion to strike Pleas No. 7 and 8 on the ground that such pleas are included in Plea No. 10, was denied.

The first plea is "That he did not promise as alleged." Each of the 7th and 8th pleas avers in substance that Val M. Antuono, the defendant, agreed to loan to Ed. A. Haley who agreed to borrow from defendant, $15,000.00, to secure which sum Haley promised and agreed with defendant to convey by deed to defendant the described real estate, subject to the mortgage on said real estate executed by Haley to W. M. Ulmer; that in pursuance of such agreement, defendant loaned Haley $15,000.00, "and to secure the payment of said loan of $15,000.00, and solely for that purpose, the said Ed A. Haley did convey to this defendant the above described real estate by the deed; *** that said deed was not executed for the purpose of conveying the real estate therein described to this defendant for this de-

fendant's sole use, benefit and ownership, but upon the agreement that upon the payment by the said Ed A. Haley to this defendant of said loan in the principal sum of $15,000.00 with interest * * * that this defendant would re-convey said real estate by deed to the said Ed A. Haley."

By amendment the following was added at the end of the 7th and 8th pleas:

"And the assumption of mortgage clause contained in said deed was incorporated therein through mistake of the scrivener without the knowledge of defendant."

The 9th plea is as follows:

"That the assumption clause contained in the warranty deed described in plaintiff's said declaration, which assumption clause purports to bind and obligate this defendant to pay the mortgage indebtedness described in plaintiff's said declaration, was inserted in said warranty deed without the knowledge and consent of the grantor in said deed, Ed A. Haley, and without the knowledge and consent of the grantee in said deed, this defendant, and was not intended either by said grantor or by said grantee to be embodied and contained in said warranty deed."

Plea No. 10 is an elaboration of Pleas 7 and 8.

The statutes of Florida contain the following:

"All deeds of conveyance, obligations conditioned or defeasible, bills of sale or other instruments of writing conveying or selling property, either real or personal, for the purpose or with the intention of securing the payment of money, whether such instrument be from the debtor to the creditor or from the debtor to some third person in trust for the creditor, shall be deemed and held mortgages, and shall be subject to the same rules of foreclosure and to the same regulations, restraints and forms as are prescribed in relation to mortgages. (Jan. 30, 1838, Sec. 1, Ch. 525, Jan. 8, 1853, Sec. 1)." Sec. 5724 (3836) C. G. L.

"The defendant in any cause in any of the courts of this State in which, if judgment were obtained, he would be entitled to relief against such judgment on equitable grounds, may plead by plea or subsequent pleading the facts which entitle him to such relief by way. of defense.

"Such plea shall begin with the words 'For defense on equitable grounds,' or words to the like effect.

"Any such matter which, if it arose before or during the time of pleading, would be an answer to the action by way of plea, may, if it arises after the lapse of the period during which it could be pleaded, be set up by way of *audita querela.* (Ch. 1096, Acts 1861, Secs. 69, 70.)" Sec. 4301 (2635) C. G. L.

"The plaintiff may reply, rejoin, etc., in answer to any plea, etc., of the defendant, facts which would avoid such plea, etc., upon equitable grounds.

"Such replication, etc., shall begin with the words, 'For replication on equitable grounds,' or to the like effect." (Id. Sec. 71) Sec. 4302 (2636) C. G. L.

In effect Pleas 7 and 8 are equitable pleas under the statute and each avers that the instrument under which plaintiff seeks to recover as for a breach of a mortgage assumption obligation, was by agreement of the parties thereto executed to secure a debt and is in law a mortgage lien and not an absolute conveyance of title, Walls.v. Endel, 20 Fla. 86; and being in law a lien and not a conveyance, it afforded no consideration for the assmption clause on which plaintiff's action is brought. If these averments be proven, a defense is shown, therefore it was not error to overrule the demurrer to Pleas 7 and 8, the grounds being that the pleas "constituted no defense," and is an attempt to lay foundation for parol testimony "to vary or contradict the terms of a valid and unambiguous instrument." Under the statute

the instrument may be shown to be a mortgage, and if a mortgage, there is no contention for the assumption clause. As the defendant averred the instrument was a mortgage, if that be proven, a lack of consideration for the assumption clause results in the absence of a contrary showing.

The above quoted addition to each of Pleas 7 and 8 as to the unintended incorporation of the assumption clause in the instrument is severable, and if such matters may not properly be covered by the statute allowing equitable pleas in law actions as was done in Luria v. Bank of Coral Gables, 106 Fla. 175, 142 So. 901, there was no motion to strike such additions to Pleas 7 and 8.

Similar observations may be made to the 10th plea.

As the 9th plea avers the assumption clause was inserted in the alleged deed of conveyance without the knowledge and consent and intent of the parties thereto and not that the instrument is a mortgage lien, if the plea was not permissible under the holding in Luria v. Bank of Coral Gables, 106 Fla. 175, 142 So. 901, or is otherwise defective, its retention on demurrer was not material since the original averments of Pleas 7 and 8 as to the instrument's being a mortgage lien and not a conveyance of title, constituted a defense and there is no sufficient showing that though the instrument was a mortgage when executed, it afterwards by due and appropriate action became a conveyance of title so that the mortgage assumption clause would be effective or that there was an independent consideration for the mortgage assumption clause. The action is on the assumption clause in a deed accepted but not executed by the defendant. As the assumption of the prior mortgage is only implied by the acceptance of the deed by the grantee who is the defendant here, such defendant may, under the principles announced in Luria v. Bank of Coral Gables, 106 Fla.

175, 142 So. 901, show the real contract between the grantor and the grantee in the deed, though in contradiction of the assumption clause.  This principle would sustain Plea 9 and the parol evidence adduced under it, without violating the general rule that parol evidence is not admissible in an action at law to vary the terms of a written instrument. Under the statute a deed may by parol be shown to be a mortgage lien.  Walls v. Endel, 20 Fla. 86.

It appears that the defendant took the instrument as a mortgage, and if it contained an assumption clause without an independent consideration, it was ineffectual; and when the assumption clause was discovered by defendant he protested it.

The facts were determined by the jury and the action of the court in denying a new trial.

In Bond v. Hewitt, 111 Fla. 180, 149 So. 606, the action was for breach of warranty in a conveyance of title, and the plea was that the deed of conveyance did not express the agreement of the parties as to encumbrances on the land conveyed, not that the deed of conveyance was a mortgage lien under the statute.  The holding in the Bond-Hewitt case is not necessarily in conflict with Luria v. Bank of Coral Gables, 106 Fla. 175, 142 So. 901.

## AFFIRMED ON REHEARING.

DAVIS, C. J., and TERRELL and BUFORD, J. J., concur.

ELLIS, J., concurs specially.

BROWN, J., dissents in part.

ELLIS, J. (concurring specially).—I think the so-called equitable Pleas No. 7 and 8 are deficient in several important elements.  Those elements are lacking which show the deed to be a mortgage in this, no provision to repay the alleged loan, no time in which to repay and the allegations show

rather a conditional sale than a mortgage. I think the defendant is estopped in the absence of allegations showing that he did not mislead plaintiff by silence, from asserting that this transaction was a loan rather than a sale on condition.

BROWN, J. (dissenting in part).—In my opinion, the trial court erred in overruling the demurrers to the ninth plea. This ruling would perhaps have been correct under the rule laid down in the case of Luria v. Bank of Coral Gables, 106 Fla. 175, 142 So. 901, or if the ninth plea had embraced an allegation showing that the deed was in reality a mortgage. The case of Bond v. Hewitt, 149 So. 606, 111 Fla. 180, in effect overruled the holding in the Luria case, if that case be construed as upholding the sufficiency of the ninth plea, which plea does not allege that the deed was in fact a mortgage, and attempts to vary the terms of a deed by parol contrary to the rule laid down in the case of Bond v. Hewitt. I do not see how we can hold this ruling on the ninth plea to have been harmless error. To my mind, it constitutes good cause for reversal.