LETTS, Judge.
This dispute arises out of an employment contract. The trial court found that the employer breached the contract by terminating it without cause. We reverse.
The written contract set forth in clear and unambiguous language that:
The employee agrees to devote his full time and energies exclusively to the above activities on behalf of the [Employer].
The evidence at trial clearly established that the employee did not devote his full time and energies exclusively to his duties under the contract. However, he was allowed to introduce parol evidence to excuse his outside activities. As a consequence, he was forgiven by the trial judge who held the employer liable for wrongful firing. This was error.
“The general rule is that parol evidence is not admissible to vary, contradict or defeat the terms of a complete and unambiguous written instrument.” Bond v. Hewitt, 111 Fla. 180, 149 So. 606 (1933). It is our conclusion that this case law applies to the matter before us and that none of the recognized exceptions to the general rule are applicable here.
If the employee desired to continue his outside competing interest (in the instant case, the leasing of twelve automobiles), provision to do so should have been made in the employment contract. It was not; the employer maintains that these extra curricular activities were never contemplated.
Our conclusion here may appear to be harsh, but we have no alternative because “if the rule were otherwise, the obvious result would be to abrogate the long settled rule respecting the finality of written contracts.” Id. at 608.
REVERSED AND REMANDED FOR ENTRY OF A JUDGMENT IN FAVOR OF THE APPELLANT.
WALDEN, J., concurs.
WEBSTER, PETER D., Associate Judge, concurs in part and dissents in part, with opinion.