Connor *et al.* v. Connor *et al.*—Syllabus.

---

RUBIE C. CONNOR, BY HER NEXT FRIEND, JEFFERSON D. YOUNG, *Appellant,* v. CLAUDE E. CONNOR AND JAMES M. ELLIOTT, JR., *Appellees.*

1. A deed absolute on its face may by parol evidence be shown to be a mortgage, and in cases of doubt the instrument should be held to be a mortgage.

2. An instrument must be deemed and held to be a mortgage, whatever may be its form, if, taken alone or in connection with the surrounding facts and attendant circumstances, it appears to have been given for the purpose or with the intention of securing the payment of money, and the mere absence of terms of defeasance cannot determine whether it is a mortgage or not.

3. Under the statutes of this State a mortgage acquires only a specific lien on the property of another described in the mortgage, and an "instrument of writing conveying or selling property, either real or personal, for the purpose or with the intention of securing the payment of money," may upon its face convey title to property, subject to the provisions of the statute that it "shall be deemed and held a mortgage," if by extrinsic facts the statute is shown to apply.

4. While an express provision that a contract to reconvey is not to be regarded as an evidence that the conveyance was intended as a mortgage may be of controlling force if it is consistent with the entire transaction, yet if it is not in harmony with all of the facts and circumstances showing the intention of the parties, the express provision that it is intended to be a sale and not a mortgage does not determine the matter.

5. If an instrument is a mortgage when executed its character does not afterwards change, for once a mortgage always a mortgage is a maxim of the law.

6. At common law a mortgage took legal title and foreclosure was to terminate the mortgagor's right to redeem. Under the statute the mortgagee has only a lien and foreclosure enforces the lien.

7. The right of redemption now is to satisfy and remove the lien. The rights to foreclose and to redeem afford mutuality.

8. Where an agreement that a conveyance is not a mortgage but an absolute conveyance is wholly inconsistent with the facts of the case, such agreement does not make absolute a conveyance that under the statute may be shown to have been executed "for the purpose and with the intention of securing the payment of money."

This case was decided by Division A.

Appealed from the Circuit Court for Marion County.

The facts in the case are stated in the opinion of the court.

*Wm. Hocker* and *L. W. Duval,* for Appellant;

*Hampton & Hampton,* for Appellees.

WHITFIELD, C. J.—The bill of complaint alleges, in substance, that Rubie C. Connor is the wife of Claude E. Connor; that the husband being indebted to the defendant Elliott in certain sums of money upon open account and otherwise, the wife consented to secure the payment of said indebtedness and any future indebtedness of the husband to Elliott, and joined by her husband executed and delivered to Elliott conveyances to certain lands; that though in form absolute conveyances, yet the deeds were given for the purpose of securing the payment of the said indebtedness of the husband to Elliott; that the lands are the property of Rubie C. Connor who is in possession of them; that as part of the transaction Elliott executed and delivered to the plaintiff the following agreement, *viz*:

"The State of Alabama,

Etowah County:

Whereas I have this day purchased of Mrs. Rubie C. Connor and husband C. E. Connor the lands described in their deeds executed by them to me this day, and

Whereas the consideration of said deeds is the absolute payment by said Rubie C. Connor of the present indebtedness of her husband C. E. Connor to myself, Now

Know All Men by These Presents: That at any time before Dec. 31, 1908, I hereby agree upon the payment to

me by Mrs. Connor of an amount equal to said C. E. Connor's present indebtedness to me, with interest from date to sell and convey by quit claim deed to Mrs. Rubie C. Connor all the lands described in her said deeds to myself.

It is understood that the deeds executed by Rubie C. Connor and her husband to me this day are not mortgages but are absolute deeds giving Mrs. Rubie C. Connor the right to buy back said lands on the terms and conditions expressed herein.

Executed in duplicate, Mch. 23rd, 1908.
Witness:

J. H. Harden,　　　J. M. Elliott, Jr.

A true copy of the original, filed 24th and recorded 31st December, 1908.

S. T. Sistrunk, Clerk.
By M. E. Sumner, D. C."

It is further alleged that the complainant Rubie C. Connor is ready and willing to pay to said Elliott any and all amounts due him by her husband the payment of which is secured by the said conveyances; and that complainant is willing to produce and deposit in the registry of the court the money as required. The prayer is for an accounting and a right to redeem the land upon proper payments. A demurrer to the bill of complaint was sustained upon the theory that the allegations were inconsistent with that portion of the agreement signed by Elliott and made a part of the bill that "it is understood that the deeds by Rubie C. Connor and her husband to me this day are not mortgages, but are absolute deeds giving Mrs. Rubie C. Connor the right to buy back said lands on the terms and conditions expressed herein." The bill was amended so as to state that the complainant never signed the quoted agreement and did not intend to rely upon the provisions of it.

A demurrer to the amended bill was sustained and the complainant appealed.

Under the rules of the common law the right of redemption is inherent in every transaction having the essential features of a mortgage. This right is a highly favored equity and unless it is released to the mortgagee for a consideration, free from fraud and oppression, or in some way waived or lost or barred, it can be cut off only by foreclosure. Section 2495 of the General Statutes provides that "a mortgage shall be held to be a specific lien on the property therein described, and not a conveyance of the legal title or of the right of possession." Section 2494 provides that "All deeds of conveyance, obligations conditioned or defeasible, bills of sale or other instruments of writing conveying or selling property, either real or personal, for the purpose or with the intention of securing the payment of money, whether such instrument be from the debtor to the creditor or from the debtor to some third person in trust for the creditor, shall be deemed and held mortgages, and shall be subject to the same rules of foreclosure and to the same regulations, restraints and forms as are prescribed in relation to mortgages."

A deed absolute on its face may by parol evidence be shown to be a mortgage, and in cases of doubt the instrument should be held to be a mortgage. DeBartlett v. DeWilson, 52 Fla. 497, 42 South. Rep. 189; Hull v. Burr, 58 Fla. 432, 50 South. Rep. 754; Franklin v. Ayer, 22 Fla. 654.

An instrument must be deemed and held a mortgage, whatever may be its form, if, taken alone or in connection with the surrounding facts and attendant circumstances, it appears to have been given for the purpose or with the intention of securing the payment of money, and the mere absence of terms of defeasance cannot determine whether it is a mortgage or not.

Under the statutes of this State a mortgagee acquires only a specific lien on the property of another described in the mortgage, and an "instrument of writing conveying or selling property, either real or personal, for the purpose or with the intention of securing the payment of money," may upon its face convey title to property, subject to the provisions of the statute that it "shall be deemed and held a mortgage," if by extrinsic facts the statute is shown to apply. Hull v. Burr, *supra.*

While an express provision that a contract to reconvey is not to be regarded as an evidence that the conveyance was intended as a mortgage may be of controlling force if it is consistent with the entire transaction, yet if it is not in harmony with all the facts and circumstances showing the intention of the parties, the express provision that it is intended to be a sale and not a mortgage does not determine the matter.

If an instrument is a mortgage when executed its character does not afterwards change for once a mortgage always a mortgage is a maxim of the law.

At common law a mortgagee took legal title and foreclosure was to determine the mortgagor's right to redeem: Under the statute the mortgagee has only a lien and foreclosure enforces the lien.

The right of redemption now is to satisfy and remove the lien. The rights to foreclose and to redeem afford mutuality.

The allegations in this case, admitted by the demurrer, indicate that the intention of the parties was to secure the payment of money due to the mortgagee by the husband of the mortgagor. In view of the provisions of the statute above quoted, and of the rules of interpretation in such cases announced by this court, the provision of the agreement made a part of the bill of complaint that the deeds were conveyances and not mortgages, while

wholly inconsistent with the facts of this case, does not make absolute a conveyance that under the statute may be shown to have been executed "for the purpose or with the intention of securing the payment of money."

* The decree appealed from is reversed.

SHACKLEFORD and COCKRELL, J. J., concur;

TAYLOR, HOCKER and PARKHILL, J. J., concur in the opinion.