A. A. TILMAN, *Plaintiff in Error*, v. PETER NIEMIRA, *Defendant in Error.*

En Banc.

Opinion filed April 21, 1930.

Petition for rehearing·denied May 17, 1930.

834

W. S. *Collins*, J. W. *Sisson* and F. W. *Butler*, for Appellant;

*Smith*, *Crofton* & *Wilson* for Appellee.

ANDREWS, Commissioner:

Defendant in error, Peter Niemira, as plaintiff below, brought ejectment proceedings against plaintiff in error, A. A. Tilman, as defendant below, involving property described in the amended declaration as follows:

"Lot 8 in Block D, according to the plat recorded in Plat Book 2 page 108 Brevard County, Florida, records."

Issue was finally joined upon defendant's plea of "not guilty"; and thereafter during the trial equitable pleas were allowed to be filed by the Court.

After issue was joined and the case on for trial stipulation was entered into between the parties as follows:

"It is stipulated and agreed by and between counsel for the respective parties in this litigation that the claim of title and title of each of the parties, if any, is derived from a common source, viz: from one Joseph Duerbeck.

"For the purpose of simplifying the issues to be tried in this cause, it is stipulated and agreed that a certified copy of plat of Melbourne Beach commonly known as Maggie Johnston's plat of Melbourne Beach may be introduced in evidence as plaintiff's exhibit No. 2.

"It is further agreed that a certified copy of plat of North Indialantic By-the-Sea, may be introduced in evidence as Plaintiff's Exhibit No. 3, and that Lot 8, Block D, as shown on said plaintiff's exhibit No. 3, is the property described in the declaration and that the property described in the declaration and shown as lot 8 Block D, on Plaintiff's Exhibit No. 3, is the South half (S½) of Lot 4 of Block D Maggie Johnston's plat, shown as plaintiff's exhibit No. 2."

Both parties by the first paragraph of the above stipulation, admit claim of title from a common source—Joseph Duerbeck — making it unnecessary for either party to deraign title prior to him. The plaintiff, after filing the above stipulation, introduced in evidence: (1) the deed from Duerbeck to plaintiff dated March 15, 1921, describing the property as follows:

"All of Blocks A, excepting therefrom Lots 5 and 6, all of Block B. Block C, *Block D, excepting Lots* 6, 7, *and* 8, Block E, excepting lots 4, 24 and 25, Block F, excepting Lots 1 & 23, all Block G, and Block H excepting therefrom Lots 1, 2, 3, 4, 5, 6, and 14, in Maggie Johnson's Plat of Melbourne Beach, together with all riparian rights; subject to incumbrances of record;''

(2) Plaintiff's exhibit 2, certified copy of the plat of Melbourne Beach, recorded in Plat Book 1, page 50, (testified to as being Maggie Johnston's Plat of Melbourne Beach) and (3) Plaintiff's exhibit 3, certified copy of Joseph Duerbeck's plat of North Indialantic By-the-Sea recorded in Plat Book 2, page 108. Plaintiff thereupon rested his case; whereupon defendant moved for a directed verdict which motion was denied.

It appears that plaintiff relied for a verdict in his favor solely upon his having better title evidenced by his deed which covers a considerable number of blocks and lots.

Thereupon defendant introduced in evidence a warranty deed from Duerbeck to Rudolf Philipp, dated September 28, 1921, which described the property as follows:

"Lot Eight (8) in Block "D," situated in North Indialantic By-the-Sea, in the County of Brevard, in the State of Florida, as shown on the townsite plat recorded in the office of the Clerk of the Circuit Court, in and for said County of Brevard, in Plat Book No. 2, on page 180; being in Maggie Johnson's Subdivision of Melbourne Beach."

A civil engineer testified after examination of the two plats noted above that he would have no difficulty in locating the land described in said deed. He also testified

that the plat of North Indialantic By-the-Sea is recorded at page 108, Plat Book 2, and that there is no such page as 180, Plat Book 2.

Defendant next introduced in evidence the warranty deed, dated April 25, 1922, from Philipp and wife to A. A. Tillman, the defendant, describing the same property, giving the page in Plat Book 2 as 180.

Defendant then handed the same witness a contract of purchase covering the same property, executed by Duerbeck to Philipp, dated May 6, 1920, which was admitted in evidence, and in answer to the court's question, the witness stated he could locate the land described in the contract as the same described in the above deeds and the declaration.

Duerbeck testified that his plat of North Indialantic By-the-Sea is a replat of a portion of the land covered by Maggie Johnston's plat and that the contract of purchase with Philipp on May 6, 1920, was made with reference to the Duerbeck plat as a "resubdivision of the Johnston plat;" and that he executed the warranty deed to Philipp on the same property when Philipp paid the $210.00 balance on September 28, 1921. Duerbeck further testified that the deed to Niemira was executed and delivered to him in Chicago and that Philipp was actually living on Lot 8 Block D in North Indialantic By-the-Sea under his purchase contract at the time the deed to Niemira was made and delivered. He further testified that at the time the contract to Philipp "elapsed" he gave Mr. Philipp an extension from January 1, 1921, when it was due, until he could be in a position to pay the balance of $210.00. J. E. Campbell testified that he was building a house in February, 1921, near Lot 8, Block D, and Philipp was at that time building a house on his lot and grubbing palmetto roots.

The defendant Tillman testified that he lives on Lot 8, Block D, Indialantic By-the-Sea and went on there the 13th day of February, 1922; that except for about a month, he had been there continuously and is still living there; that he knows Peter Niemira, and met him at defendant's place on the lot described in the declaration on the 24th of April, 1925; that Niemira had never asserted any claim that he knew of prior to that time, and that he (defendant) had lived there at that time nearly three years and improved the place by building a garage, by building additions on the house making it twice the size, by planting shrubbery and constructing a sea-wall; that he added to the value of the place several thousand dollars, and had been working continuously on it; that the garage was built in the summer of 1922, and the addition to the house was made about May or June of the same year shortly after he went there; and that Philipp and wife were living there in the house when he (defendant) bought the place, April 25, 1922. He further testified that in May, 1925, Niemira told him if he would pay him $5,000.00, he would give him a quitclaim deed; later through Niemira's agent, Mr. Zack, he offered defendant a quitclaim deed for $2500.00, but that he did not know either of these men prior to that time and both being strangers to him, he did not want to take sides in any controversy.

In the case of Worrell v. Ford, 91 Fla. 439, 109 So. R. 440, this Court held that:

"In an action of ejectment, it may be shown under the general issue whether at the time a conveyance of land was made, a portion of the land covered by the deed of conveyance was adversely held by another, so that the conveyance would be inoperative as to the land adversely held."

In the case at bar, the record shows that at the time the deed to plaintiff was made to the lot, which was one of many covered by the description in that deed, that it was improved and adversely held by defendant's immediate predecessor, Philipp; and therefore, the deed to Niemira was inoperative as to the land held at the time adversely by defendant. In the case of Coogler v. Rogers, 25 Fla. 853, 7 So. R. 391, it was held that where a conveyance is made of lands which at the time are in the adverse possession of one not a party to the deed, ejectment will not lie in the name of the grantee to such deed, but only in the name of the grantor. It was also held in the above case that:

"Possession under an executory contract of purchase is adverse except as to the party contracting to convey, and under whom the possession is held."

There is uncontroverted evidence that at the time plaintiff received his deed, March 15, 1921, Philipp was in possession and improving Lot 8 Block D under an unrevoked and subsisting purchase contract from Duerbeck, dated May 6, 1920.

In the case of Watkins v. Emmerson, 88 Fla. 86, 102 So. R. 10, this Court held that:

"One claiming title under a party who himself is estopped to deny the title of another is likewise estopped." Citing Coogler v. Rogers, *supra;* Key West W. & C. Co. v. Porter, 63 Fla. 448, 58 So. R. 599.

Niemira claims title under Duerbeck, who states in his testimony that the sale contract made to Philipp was never voided, but was extended until final payment was made and deed delivered to him on September 21, 1921; there-

fore Duerbeck the party under whom plaintiff claims is estopped to deny the title of Tilman.

Another case very similar to the instant case is that of Norris v. Billingsley, 48 Fla. 102, 37 So. R. 564, wherein plaintiffs sued in ejectment for lands held by defendant under agreement of purchase from plaintiffs' grantor, and this Court held that it was essential to plaintiff's right of recovery that the defendant should have broken his contract, under such circumstances of negligence as showed an abandonment of the contract by him, after notice, fixing a reasonable time for its performance, and that if defendant had not lost his rights under the contract, it operated as an estoppel and a defense to the suit.

In the more recent case of Farrington v. Greer, 94 Fla. 457, 113 So. R. 722, this Court held that a deed by a grantor out of possession gives grantee no right of entry nor right to sue in his own name for possession.

Duerbeck was not in possession of said Lot 8, Block D, when he made the deed to plaintiff. On the other hand the evidence shows that Philipp was at the time improving it under a valid and subsisting contract of purchase. It was held in the case of L'Engle v. Reed, 27 Fla. 345, 9 So. R. 213:

"A plaintiff in ejectment must show a better title than that of the defendant, or a prior actual possession to that of defendant, or a good conveyance to himself from one in actual possession and prior to that of the defendant, in order to put the defendant to the necessity of supporting his possession by a title superior to one of naked possession."

The defendant also filed "equitable pleas" which may be allowed under our general statutes in ejectment suits as in other actions. Such pleas may contain such allegations

as would be requisite to defendant's relief had he proceeded by bill in equity. Osceola Fertilizer Co. v. Beville, 86 Fla. 479, 98 So. R. 354. Evidence of equitable estoppel is admissible in actions of ejectment under the plea of not guilty. Thomas v. Goodbread, 78 Fla. 278, 82 So. R. 835; Kelsey v. Lake Childs Co. 93 Fla. 743, 112 So. R. 887.

Defendant's equitable plea among other things alleges that the purported conveyance from Duerbeck to plaintiff on March 15, 1921, was in reality a mortgage and it was understood and agreed by and between them at the time that it was a mortgage to secure the $750.00 named as the consideration at that time advanced by the plaintiff and was to be repaid through an agreement of partnership in the sale of the lots represented in the plat of North Indialantic By-the-Sea, and that possession was never delivered to Niemira. This plea appears to be sustained by the uncontradicted evidence of Duerbeck who, among other things, testified that the $750.00 as consideration for the deed to Niemira "was given to enter into a partnership agreement, and in consideration of $750.00, supposed to be paid back from the proceeds of the receipts from the sale of the lands." He further testified the partnership agreement was never carried out and no lots were sold and the loan was never repaid; that 60% of the net sales of the lots was to go to Niemira and 40% to Duerbeck; that he was not living on the premises at the time he made that deed; that Mr. Philipp was living on the land described as Lot 8, Block D, in North Indialantic By-the-Sea; that plaintiff never went into possession of the property.

Section 5724 Comp. Gen. Laws of Florida, 1927, provides that all deeds of conveyance for the purpose or with the intention of securing the payment of money shall be deemed and held a mortgage. This Court has held that even where there is an agreement that a conveyance is not

a mortgage but an absolute conveyance, and it appears that said agreement is inconsistent with the facts of the case, such agreement does not make absolute a conveyance that under the statute may be shown to have been executed for the purpose and with the intention of securing the payment of money. Connor v. Connor, 59 Fla. 467, 52 So. R. 727; Pittman v. Milton, 69 Fla. 304, 68 So. R. 658. The evidence—both documentary and given orally—appears to bear out the defendant's contention that the deed to Niemira was given for the purpose of securing the payment of $750.00; the grantor so testifies and it is uncontradicted. It is also very improbable that Duerbeck would have made an unconditional deed of conveyance to so large a tract of land described in his deed to plaintiff for the incomparable sum of $750.00. Evidence as to a note given by Duerbeck to Niemira for $750.00, at the time plaintiff received the deed, may well be considered a circumstance in favor of plaintiff's deed being construed as a mortgage given as collateral or security for the payment of the note, the amount being the same as that named as the consideration in the deed.

It follows from what has been said that error was committed in directing a verdict for plaintiff; (1) because ejectment does not lie where the evidence shows that plaintiff's grantor was not in possession, nor was plaintiff, at the time of delivery of deed, but that a third person was holding and improving the property under a subsisting contract of sale; (2) because the uncontradicted evidence shows that the deed to plaintiff was made by Duerbeck for securing the payment of $750.00.

In view of the foregoing, it is unnecessary to consider the question presented as to the conditions under which a trial court may grant a motion for an instructed verdict.

Reversed.

PER CURIAM.—The record in this cause having been considered by the Court, and the foregoing opinion prepared under Chapter 14553, Acts of 1929, adopted by the Court as its opinion, it is considered, ordered and adjudged by the Court that the judgment of the Court below should be, and the same is hereby, reversed.

TERRELL, C. J., AND WHITFIELD, ELLIS, STRUM, BROWN AND BUFORD, J. J., concur.