J. GRIFFIN FOLKS, *Plaintiff in Error*, vs. ANN CHESSER, RUBE MCDONALD, FRANK MCDONALD, FRAZIER MCDON-

ALD, MAGGIE MARKHAM, J. D. WIGGINS, HERMAN WIGGINS, et al., *Defendants in Error.*

145 So. 602.

En Banc.

Opinion filed September 29, 1932.    !

Petition for rehearing denied November 17, 1932.

*C. A. Savage, Jr.,* for Plaintiff in Error;

*W. E. Smith,* for Defendant in Error.

PER CURIAM.—In this case the action was ejectment. The declaration was in the statutory form. The sole plea was not guilty. The plaintiffs sought to recover under the issue made by the declaration and plea of not guilty, by showing that a deed absolute in form had been made, executed and delivered to the defendant, which was in law and in fact a mortgage, because given to secure the payment of money. The Court permitted the plaintiff to make such proof. The verdict and judgment were against the defendants. The principal question raised by the writ of error is: "In an action of ejectment, where the sole issue is that made by a statutory declara-

tion and plea of not guilty is parol evidence admissible *on behalf of plaintiff* in the case, to show that a deed absolute in form held by the defendant, is in law and in fact a mortgage because given for the purpose of securing payment of a debt?''

Our statute enacts a recognized rule of equity, that all deeds of conveyance conveying or selling property for the purpose, or with the intention, of securing the payment of money, shall be deemed and held as mortgages, and shall be subject to the same rules of foreclosure and the same regulations and restrictions as are prescribed by law in relation to mortgages. See Sections 5724-5725 C. G. L. 3836-3837 R. G. S. Under these statutes, in no case will the right of possession to property by a mortgagee be recognized in a court of justice in this State, until due foreclosure is had according to the forms of the law providing for foreclosure of mortgages.

At common law the rule was well settled that in ejectment or in any other form of action at law for the recovery of land, it was incompetent to prove *by parol* that a deed of conveyance in fee was intended by the parties to be a mortgage, or held as security for money. Under this rule of the common law, it was not permissible for either party in a suit at law, to vary by parol proof, the terms of a deed absolute on its face, so as to make it operative only as a mortgage security. Bragg vs. Massie's Adm., 38 Ala. 89; Jones vs. Trawick's Adm., 31 Ala. 256; Parish vs. Gates, 29 Ala. 261½; Finlow vs. Clark, 118 Ill. 32, 7 N. E. 475; Gates v. Sutherland, 76 Mich. 231, 42 N. W. 1112; Kitt vs. Willson 130 Ind. 492, 29 N. E. 401. See also Chaires vs. Brady, 10 Fla. 133.

The foregoing rule was referred to in Walls vs. Endel, 20 Fla. 86, which held that a modification of this rule had been brought about in Florida by virtue of Section 4301 C. G. L., 2635 R. G. S. allowing *defendants* in law

cases, including ejectment cases, to interpose *equitable pleas*. Equitable pleas allowed by this statute in ejectment suits may contain such allegations as would be requisite to defendant's relief had plaintiff proceeded by bill in equity; but evidence of equitable *estoppel* is admissible in an action of ejectment under the plea of not guilty. Tilman vs. Niemira, 99 Fla. 833, 127 Sou. Rep. 855.

But this is not a case resting upon equitable estoppel. The proposition here is whether or not the *plaintiff* in an ejectment suit, without any pleading affording a basis for it, other than the statutory form of declaration he has filed, may be permitted to prove under the general issue raised by the defendant's plea of not guilty, that a deed, absolute in form, made, executed, acknowledged and delivered by his ancestor to the defendant in the ejectment suit, and under which defendant claims title and right to possession as against the plaintiff, is in law and in fact merely a mortgage?

In Baer vs. General Motors Acceptance Corporation, 101 Fla. 913, 132 Sou. Rep. 817, it was held by us that when the question is "properly raised" that it is permissible to show by testimony of witnesses that a written instrument, absolute in form as a conveyance, is in substance a mortgage.

That the proposition is "properly raised" *as a matter of defense* in an ejectment suit, by interposing *an equitable plea* setting it forth, is settled beyond controversy by the case of Walls vs. Endel, supra, decided in 1883.

But in this case the matter was not sought to be raised as a matter of defense in an ejectment suit, but as a basis for recovery by the plaintiff against the defendant in such suit who appeared to be the grantee under a deed absolute in form and who was in possession of the land involved, under such absolute deed. Here plaintiffs

below claimed as heirs at law of Isaac N. Wiggins. The defendant claimed under an alleged warranty deed from Wiggins. After the defendant had introduced his deed and closed his case, the plaintiffs in rebuttal were allowed to put on parol evidence to show that the deed was intended between the parties to be a mortgage, and that it had been given by Wiggins, the ancestor of plaintiffs, to secure certain moneys. It is contended by plaintiff in error *that under a statutory declaration and a single plea of not guilty,* parol testimony could not be given in a law action on behalf of plaintiffs for the purpose of showing that defendant's deed absolute on its face, was in fact and in law a mortgage.

But the court permitted such testimony to be introduced and on the basis of it, plaintiffs had a recovery. The effect of the procedure followed was therefore to permit the plaintiff in an ejectment suit to prove by way of rebuttal, without specially pleading any such proposition, matters which had the plaintiff been the defendant in the case, could only have been given in evidence by him *under a special equitable plea* interposed as permitted by statute.

It was distinctly said by this court in Walls vs. Endel, supra, that it was only because of the statute permitting equitable pleas to be filed in cases at law (see Sections 4301 C. G. L., 2635 R. G. S.), that a matter of this kind could be shown as an *equitable* defense.* No method of injecting such matters by pleadings on the plaintiff's side of an ejectment case is provided by statute, unless it be that Section 4302 C. G. L., 2636 R. G. S., can be con-

---

*As was said in the opinion in Walls vs. Endel. 20 Fla. text 97; ". . . the judgment at law would give possession (to the grantee in the deed absolute intended for a mortgage) without foreclosure and sale. A plainer case for equitable relief can scarcely be imagined." And on page 98, citing Crary vs. Goodman, 12 N. Y. 266: "That a deed absolute on its face was intended as a mortgage, (is) an equitable defense."

strued as intended to permit plaintiff in an ejectment case to plead by way of equitable replication, that defendant in attempting to defend title under a plea of not guilty, is in possession of the land and claims it under a deed in form a fee simple deed to the fee, whereas by reason of the circumstances under which it was made, it is in law only a specific lien on the property, and that defendant should therefore not be held entitled to hold the title and right to possession of the land under it.

Section 4302 C. G. L. supra, just referred to, reads as follows:

"The plaintiff may reply, rejoin, etc., in answer to *any* plea, etc., of the defendant, facts which would avoid such plea, etc., upon equitable grounds. Such replication, etc., shall begin with the words 'For replication on equitable grounds,' or to the like effect."

Under section 5044 C. G. L., 3236 R. G. S., the plea of "not guilty in an action of ejectment admits possession by the defendant, and puts in issue the title to the lands in controversy, as well as the legal right of plaintiff to recover possession of them in the suit. See Asia vs. Hiser, 22 Fla. 378. If therefore, the defendant in an ejectment suit is known to be claiming title and right to possession of land, and is actually in possession of land, under a deed absolute on its face which was intended as a mortgage, and plaintiff conceives that defendant will rely upon his apparent legal title to defeat the plaintiff's recovery, it seems that upon the same principle which has been held to sustain the right to file equitable pleas in avoidance of an apparent legal right to recover a judgment of law, the plaintiff would have the same right under Section 4603 C. G. L., supra, to file a replication on equitable grounds raising a similar bar on his own behalf as against a legal title asserted as a defense by the defendant.

This is especially so, since even if defendant should prevail in obtaining judgment in an ejectment suit under a deed absolute on its face intended as a mortgage, plaintiffs would thereafter have the right to present to a court of equity any facts, not available to him at law, which would show it against conscience for defendant to enjoy the fruits of his judgment. And in such an equity case, complainant might have both a decree for redemption and injunction awarded to protect him as a mere mortgagor of property as to which he appeared as an absolute grantor. Marine Ins. Co. vs. Hodgson, 7 Cr. 332, 1 Story's Eq. Jr. #887.

By permitting under the statutes relating to equitable pleas and replications, all the facts to be pleaded and proved in the ejectment case itself, circuituity of action is avoided, and the court of law is permitted to make such inquiry and to enter such appropriate judgment in the case, as will protect the equitable, as well as the legal, rights of the parties, as they are made to appear.

But without some form of pleading on plaintiff's part asserting his admittedly *equitable* (not legal) right to show that a deed absolute in form upon which defendant relies, is a mortgage, were evidence or parol proof of facts tending to establish such an *equitable* right on plaintiff's part, would leave plaintiff's asserted right to rest absolutely *in pais,* because nothing would appear on the face of the pleadings or judgment (as is the exact case here) to show whether plaintiff recovered on proof of an equitable or upon proof of a legal right. That no such result should be permitted under our system of pleading governing ejectment suits, seems clear, because the same reasons which make it essential for a *defendant* in an ejectment suit to plead such a right by means of an equitable plea, likewise make it essential that *plaintiff* also plead by way of equitable replication any equitable

right which he may have on his own behalf against the defendant.

The language of the statute does not limit the right to plead equitable replications to equitable pleas above, but is to the effect that equitable replications shall be permitted to be filed by plaintiffs to "any" plea of the defendant.

We therefore hold that under the statutes of this State permitting equitable replication by plaintiff to "any" plea filed by defendant in any case at law, the plaintiff is permitted to file an equitable replication to a plea of not guilty in an ejectment case, for the purpose of laying the predicate for proving that a deed absolute upon which defendant relies for a defense under his plea of the general issue, should on equitable grounds, be held to be a mortgage and adjudged to have the status of such mortgage only, and not the status of an absolute conveyance.

The case now before the court presents no such special pleading on the plaintiff's part. It was accordingly error for the court to have permitted proof by plaintiff of matters which were only available to him under an equitable replication, in the absence of such replication. The judgment should therefore be reversed and a new trial awarded, with leave to plaintiff to have a repleader, and the cause remanded for further proceedings according to law and this opinion. It is so ordered.

Reversed and remanded for new trial, and for further proceedings, with leave for repleader by plaintiffs upon remand.

WHITFIELD, TERRELL, BROWN AND DAVIS, J.J., concur.

BUFORD, C.J., AND ELLIS, J., dissent.

ELLIS, J. (dissenting).—The character of the instrument whether it is deed of conveyance or mortgage is determined by the provisions of Sec. 5724 C. G. L., declaring

that deeds of conveyance and other instruments given for a certain purpose are mortgages. The attack on the deed through its consideration is permissible under the general issue, in such attack the circumstances under which the deed was given may be shown. The case of Walls vs. Endel, 20 Fla. 86 So., is not analogous.

BUFORD, C.J. (dissenting).—In this case the action was ejectment, the declaration being in conventional form. The plea was the general issue, "not guilty." The verdict was in favor of the plaintiffs.

Plaintiffs claimed as heirs at law of Isaac N. Wiggins. The defendant claimed under an alleged warranty deed from said Wiggins. After the defendant had introduced his deed and closed his case the plaintiffs in rebuttal put on evidence to show that the deed was intended between the parties as a mortgage and was given to secure certain moneys. It is contended by the plaintiffs in error that parol testimony could not be given in a law action for the purpose of showing that a deed absolute on its face was in fact a mortgage. This contention is not tenable in this jurisdiction because this Court has repeatedly held otherwise. See Baer vs. General Motors Acceptance Corporation, 101 Fla. 913, 132 Sou. 817, and cases there cited; also Carey & Co. vs. Hyer, 91 Fla. 322, 107 Sou. 684.

It appears to me that there was sufficient legal evidence to support the verdict. The record contains a great deal of evidence offered by the defendant as a witness in his own behalf in which he testified concerning the details of agreements and conversations between himself and the deceased Wiggins, which should have been excluded, and there is other evidence that may have been properly excluded, but I am unable to find that substantial justice has not been done and as most of the illegally received evidence was in favor of the defendant,

who is plaintiff in error here, there appears to be no ground for reversal. The judgment should be affirmed.

ELLIS, J., concurs.