R. F. RAULERSON, for the use of C. W. RUSH, v. PERRY GREEN.

167 So. 825.
Opinion Filed April 24, 1936.
Rehearing Denied May 14, 1936.

*Copeland & Therrel* and *Ross Williams,* for Plaintiff in Error;

*J. G. Payne* and *Gordon R. Broome,* for Defendant in Error.

WHITFIELD, C. J.—The declaration in ejectment herein is as follows: "Because the defendant is in possession of a certain tract or parcel of land, situated, lying and being in Dade County, Florida, known and described as follows, to-wit: Lots Twelve (12) and thirteen (13), of MOS-TELLER'S ADDITION, a resubdivision of Lot 1, Block 16, of Erickson's addition to City of Miami, according to the plat thereof, recorded in Plat Book 'B,' at page 125, of the Public Records of Dade County, Florida, to which said plaintiff claims title; and the defendant refuses to deliver possession of said land to the said plaintiff."

Defendant, Perry Green, filed a plea of "not guilty" and also an "equitable plea," in which latter plea it is in substance averred:

"That on or about September 10, 1930, and for a long time prior thereto, this defendant was seized of the fee simple in and to the real property described in plaintiff's declaration, and on said date was in actual possession of said property; that a few days prior to said date this defendant and the plaintiff, Raulerson, entered into a verbal agreement whereby said Raulerson agreed to lend to this defendant a sum of money sufficient to pay in full all delinquent taxes then owing on said property by this defendant to the City of Miami, the County of Dade, the

State of Florida, and such other lawful levies, impositions and assessments with which said property was at said times encumbered; that at said time said property was in imminent danger of being sold for such taxes and that an application for a tax deed was then actually pending in the office of the Clerk of the Circuit Court of Dade County, Florida; and defendant avers that pursuant to such tax deed application a tax deed did in fact issue from said Clerk's office in favor of Wesley E. Garrison, Inc., on the 9th day of September, 1930; that on or about the 10th day of September, 1930, said plaintiff, Raulerson, and this defendant, went to the office of Wesley E. Garrison, Inc., in the Security Building, Miami, Florida, to consummate their agreement and understanding and the plaintiff, Raulerson, pursuant to such agreement and understanding, did in fact on said date pay to Wesley E. Garrison, Inc., a sum of money for this defendant sufficient to pay in full all the costs, charges and expenses of said Wesley E. Garrison, Inc., in said property and received in consideration for such payment a deed of conveyance to said property conveying all the right, title and interest that said Wesley E. Garrison, Inc., had therein; and this defendant further says that he is without accurate knowledge of the exact sum of money advanced by said Raulerson for him, this defendant, to said Wesley E. Garrison, Inc., and this defendant says that to the best of his knowledge and belief and he avers the truth to be that such sum so paid and advanced and expended by said Raulerson on said date for this defendant to be the approximate sum of $275.00 and that such sum constitutes in full, and is the total investment of said Raulerson in his aforesaid transaction with this defendant; and defendant further says that simultaneous with the closing of the aforesaid transaction in the office of Wesley E.

Garrison, Inc., defendant made, executed and delivered to said Raulerson a Warranty Deed of conveyance, which instrument purports to convey all the right, title and interest of this defendant in and to the lands described in plaintiff's declaration; that said deed was procured from this defendant on the absolute and positive assurance made and given to defendant by said Raulerson, that he merely wished to hold said deeds from Wesley E. Garrison, Inc., and from this defendant, as security only for the moneys expended or advanced by him for and in behalf of this defendant in accordance with their said agreement and understanding, and that such assurances were made at the time of said closing and often immediately theretofore; and this defendant further says that at the time of said consummation, said Raulerson drew up and executed what purports to be an option to and/or agreement by this defendant to repurchase said property for a consideration of $525.00, payable in two annual installments of $250.00, each with interest on the whole sum remaining from time to time due thereon at the rate of eight (8) per cent. per annum, * * * this defendant further respectfully represents unto this Honorable Court that he is colored, wholly ignorant of legal forms and their legal import, extremely illiterate, and on or about said 10th day of September, 1930, immediately prior thereto was, and now is, in penniless and destitute circumstances; that plaintiff, Raulerson, feigned to befriend defendant in his time of want and need and did by his advances, representations and positive assurance of fair dealing, obtain the confidence of defendant, and defendant did, in fact, by reason of said Raulerson's advances, representations and assurances, repose his absolute confidence in him the said Raulerson, and did trust him at said time most implicitly, and by reason of such trust this defendant, at the

time of his aforesaid transaction, signed and delivered whatever instruments the said Raulerson requested him to sign and deliver, without knowledge of their true import and contents * * *;

"And this defendant now avers and states the truth to be that the only consideration for the making, executing and delivering by defendant of the aforementioned warranty deed of conveyance to said Raulerson was to secure said Raulerson for the sums of money by him advanced for and by him expended in behalf of defendant; that said advances and said expenditures were, in fact, a loan made by said Raulerson to this defendant, and this defendant further states that he received no other consideration from the said Raulerson of any kind, nature or description, either then or at any time since; that said Raulerson acquired the tax title of said Wesley E. Garrison, Inc., solely for purposes of security for his money loaned to this defendant, and for the use and benefit of this defendant, and likewise procured the deed of conveyance from this defendant as such security; that said deeds although conveyances absolute on their face, are in fact, a mortgage only for the approximate sum of $275.00, money lent by said Raulerson to this defendant; and defendant further states that said Raulerson has not, up to and including the filing of this plea, sought to foreclose his security in the premises, as was and is his legal right to do.

"This defendant further says that although said Raulerson has on occasions attempted to evict this defendant from the disputed premises by intimidation, cajolement and police intimidation, he has steadfastly remained in possession thereof and is now in possession thereof; that the use plaintiff, C. W. Rush, had notice of this defendant's right,

title and interest in the premises and of his right to the continued enjoyment of the peaceable possession thereof.

"WHEREFORE, defendant prays that he be adjudged not guilty and that this cause be dismissed and that judgment be entered for his costs most wrongfully sustained."

A motion to strike, and a demurrer to, the second plea were overruled. Trial was had on the two pleas as filed. The court directed a verdict for the defendant and denied motions for judgment *non obstante veredicto* and for new trial. To a judgment for the defendant a writ of error was taken by the plaintiff.

It appears that a tax deed covering the land was acquired by Wesley E. Garrison, Inc. That company conveyed the land to R. F. Raulerson with the acquiescence of Perry Green, the owner. At the same time Perry Green, the owner of the land, conveyed it to R. F. Raulerson and received from R. F. Raulerson an option to purchase the property within two years. The probative force of the evidence, the circumstances and the fair inferences show that the tax deed and the deed by Perry Green were executed to Raulerson for the purpose of enabling Green to repay Raulerson for taking up the tax deed and holding it as security for all the amounts Raulerson paid for the tax deed and for other taxes and expenses incident to the default of Green in not paying the taxes when due. Green remained in possession of the land, received nothing for his conveyance to Raulerson, and paid nothing for the option to purchase from Raulerson who, it appears, took title for the benefit of Green who desired to redeem.

It was the province of the court to determine whether the several documents indicated that the transaction as an entirety constituted a mortgage on the land of Green under the statute. Sec. 5724 (3836) C. G. L. See Stovall v.

Stokes, 94 Fla. 717, 115 So. 828; Smith v. State Life Ins. Co., 96 Fla. 371, 153 So. 842; Connor v. Connor, 59 Fla. 467, 52 So. 727.

This being so, the equitable plea allowed by statute, Sec. 4301 (2635) C. G. L., was proven and operates as a defense in ejectment. See Walls v. Endel, 20 Fla. 86; Smith v. Love, 49 Fla. 230, 38 So. 376; Johnson v. Drew, 34 Fla. 130, 15 So. 780, 43 Am. St. Rep. 172.

In Folks v. Chesser, 106 Fla. 836, 145 So. 602, the only plea was the *general issue,* and it was held that the *plaintiff* could not on that issue show by parol evidence that the deed absolute under which the *defendant* claimed, was a mortgage.

In view of the nature of the conveyance and the contract and of the law respecting them to be determined by the court, and upon a consideration of the whole record, it is not made to appear that the court erred in directing a verdict for the defendant or in denying a motion for new trial. A judgment *non obstante veredicto* was not required by the pleadings as a matter of law.

The judgment for the defendant is affirmed.

ELLIS, P. J., and TERRELL, BROWN, BUFORD, and DAVIS, J. J., concur.