JOHN D. BISCHOFF, *et ux.,* v. BERTHA WEBER, *et vir.*

192 So. 597
Division A
Opinion Filed December 12, 1939
Rehearing Denied January 11, 1940

*Frank F. L'Engle,* for Appellants;
*Kay, Ragland & Kurz,* for Appellees.

PER CURIAM.—Appeal brings for review three interlocutory orders made subsequent to final decree in foreclosure suit and supplemental final decree.

Appellant presents two questions for our consideration, as follows:

"First: Whether an assignee of a mortgage, and final decree foreclosing same, can thereafter accept a warranty deed from the mortgagors (defendants in said foreclosure suit), containing the express stipulation:

" 'This deed is not given for additional security, but given for the purpose of satisfying the outstanding mortgage of record and is subject to all outstanding city and county and State taxes,' (Rec. 62) and, by petition in the original foreclosure suit, be substituted as party plaintiff, and in pro-

ceedings on said petition, by parol evidence, vary the terms of said warranty deed by injecting therein other, further and additional covenants, stipulations and agreements, declare said warranty deed to be an instrument given only for the purpose of additional security, and have the property sold under the terms of said final decree and the proceeds of said sale applied towards satisfaction of said final decree.

"Second: Whether the assignee of a mortgage, and final decree foreclosing same, can thereafter accept a warranty deed from the mortgagors (defendants in said foreclosure suit), containing the express stipulation:

" 'This deed is not given for additional security, but given for the purpose of satisfying the outstanding mortgage of record and is subject to all outstanding city, and county and State taxes,' (Rec. 62) and by an agreement for deed, executed by assignee and delivered to the grantors in said deed, mortgagors in said mortgage, and defendants in said foreclosure suit, for the purpose of evading the assessment of city, State and county taxes, by allowing said property to be set up as a homestead of the grantee in said agreement for deed, be heard in a court of equity and allowed by petition in the original foreclosure suit to declare said warranty deed an instrument given only for the purpose of additional security, as party plaintiff in the original foreclosure suit, and have the property sold under the terms of the final decree and the proceeds of said sale applied towards satisfaction of said final decree."

The appellee states the question thus:

"First: Where mortgagee accepts from mortgagor a deed reciting that the same is not given for additional security but in satisfaction of the mortgage, is the mortgagee precluded to show that such deed is, in effect, only additional security,

"Second: Under the foregoing statement, what effect will the execution of an agreement for the purchase of the property by the mortgagor have upon the right of the parties when it is contended that the agreement was given to the mortgagor, claimed by mortgagee to be the owner of the property, for the purpose of enabling the mortgagor to secure exemption from taxation on the property occupied by him as his home?"

In view of the statute, Sec. 3836 R. G. S., 5724 C. G. L., the findings of the master and the decree of the chancellor, we find the case in all essential respects much like that of Connor v. Connor, 59 Fla. 467, 52 Sou. 727, and the same case on second appearance here, 63 Fla. 408, 58 Sou. 241. On authority of those opinions and judgments, the orders and decree appealed from should be and are affirmed.

So ordered.

Affirmed.

TERRELL, C. J., BUFORD and THOMAS, J. J., concur.

CHAPMAN, J., concurs in opinion and judgment.

JUSTICES WHITFIELD and BROWN not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.