**STEVENS v. EDWARDS et al.**

**No. 9450.**

Circuit Court of Appeals, Fifth Circuit.

June 13, 1940.

Rehearing Denied July 24, 1940.

Warren B. Parks and George P. Garrett, both of Orlando, Fla., for appellant.

Thomas B. Adams, of Jacksonville, Fla., for appellees Edwards.

Herbert S. Phillips, U. S. Atty., of Tampa, Fla. (John A. Rush, of Jacksonville, Fla., of counsel), for the United States.

Before SIBLEY, HOLMES, and McCORD, Circuit Judges.

McCORD, Circuit Judge.

The United States Government filed condemnation proceedings to acquire certain tracts of land in Brevard County, Florida, for use as a naval air base. Under the provisions of 40 U.S.C.A. § 258a a deposit of $1,942.50 was made in the registry of the court as the estimated fair compensation for Government Lot 4 in Section 35, Township 25 South, Range 37 East.

On October 31, 1939, the District Court entered judgment on the declaration of taking. Thereafter on January 15, 1940, Mrs. Clara M. Edwards filed her petition asking for distribution of the deposit. Mrs. Edwards claimed title to the land by virtue of a deed from Peninsula Land Company dated January 4, 1940. The petition asserted that Peninsula Land Company had been the lawful and rightful owner of the tract of land, and that a recorded deed to Edward E. Stevens dated February 12, 1937, was intended as security for a loan and that Stevens, in fact, had only a mortgage lien on the property. The petition further alleged that all of the loan had been repaid with the exception of $312, and the petitioner asserted her willingness for this balance to be paid to Stevens out of the government deposit.

Stevens filed a reply to the petition of Mrs. Edwards and claimed that he was the rightful owner of Government Lot 4 and, therefore, entitled to receive the entire deposit of $1,942.50. He also filed application asking that the deposit be paid over to him. After a hearing the court entered an order sustaining the contentions of Mrs. Edwards, and Stevens has appealed.

The facts as shown by the record and found by the court are these: On February 12, 1937, Peninsula Land Company owned Government Lot 4. A tax foreclosure suit by one Charles Reed was pending in the State court and had progressed almost to conclusion. The Peninsula Land Company was in financial distress and was in need of money to pay off these tax claims amounting to $1,565.31. Edward E. Stevens advanced the money to pay the tax claims and as security for the loan took a deed to the land belonging to the company. As a part of the same transaction Stevens gave Mrs. Clara M. Edwards an option to purchase the property of Peninsula along with other properties of Ocean Beach Improvement Company. The option called for payment, on or before November 1, 1937, of the sum of $3,900. This sum represented the total amount advanced by Stevens to clear up taxes in the suit against Peninsula and in a similar suit then pending against Ocean Beach Company, plus a bonus of $500 over and above the sums so advanced. It appears that the Peninsula and Ocean Beach properties were worth much in excess of the amounts advanced by Stevens.

The record further shows that Mrs. Edwards was the principal stockholder in both corporations at the time of these transactions; that she, through her husband as agent, entered into a supplemental agreement with Stevens on April 23, 1937, providing for the method of payment of monies derived from sales of parts of lots included in the previous transaction. Parcels of land belonging to Peninsula were sold and the proceeds were divided according to the terms of the supplemental agreement. From the proceeds of sales of Peninsula property all advances made to this company by Stevens, including taxes and interest at six per cent, were repaid with the exception of $271.30. The court ordered that this amount be paid over to Stevens to liquidate his lien.

The controlling question on this appeal is whether or not the deed to Stevens was an absolute conveyance or a mortgage? Section 5724 of the Compiled General Laws of Florida provides that: "All deeds of conveyance * * * for the purpose or with the intention of securing the

536

payment of money * * * shall be deemed and held mortgages, and shall be subject to the same rules of foreclosure and to the same regulations, restraints and forms as are prescribed in relation to mortgages." Under this statute if it is clear that the real purpose of parties to an absolute conveyance was to secure the payment of money, the conveyance will be regarded as a mortgage.

The Supreme Court of Florida holds that, "Whether or not a deed is a mortgage is a question of fact to be determined by the evidence." Markell v. Hilpert, 192 So. 392, 399; McKinney v. Gainey, 96 Fla. 547, 118 So. 917; Raulerson v. Green, 124 Fla. 181, 167 So. 825; Cary & Co. v. Hyer, 91 Fla. 322, 107 So. 684; Stovall v. Stokes, 94 Fla. 717, 115 So. 828; Holmberg v. Hardee, 90 Fla. 787, 108 So. 211.

The evidence in the record is in sharp dispute in many particulars. The court was confronted with the witnesses and had opportunity to judge of their credibility. It is the rule in federal courts and in the courts of Florida that the findings of the court upon the evidence will not be disturbed on appeal unless such findings are shown to be clearly erroneous. After a full hearing the court below determined the issues of fact adverse to the contentions of the appellant, and we are of opinion and so hold that the evidence fully supports his findings. Rules of Civil Procedure for District Courts, Rule 52, 28 U.S.C.A. following section 723c; Markell v. Hilpert, Fla., 192 So. 392.

The judgment is affirmed.