**WRIGHT ESTATES, INC., a corporation for the use and benefit of JAMES BRYAN, v. MARTHA GERMAIN.**

12 So. (2nd) 451                                    January Term, 1943
March 23, 1943                                        Division A
Rehearing Denied April 2, 1943

M. A. Rosin, for appellant.

Leitner & Leitner and I. P. Barlow, for appellee.

ADAMS, J.:

Appellee procured a final judgment in ejectment. The basis of her claim arises out of these facts.

In 1934 Wright Estates, Inc., held a mortgage on eighty acres of land. Appellee was the mortgagor and in possession. Appellee claims that Wright Estates, Inc., orally agreed that if she would forbear to defend a suit to foreclose the mortgage, Wright Estates would buy in the property at master's sale and deed to her the land now in suit. Thereupon appellee enclosed the land and claims that she has now acquired a title to same by adverse possession of more than seven years. The foreclosure proceeded and was concluded on April 6, 1935, by Wright Estates, Inc., purchasing the property at master's sale.

Before the filing of this action seven years possession ran from the date of the alleged oral agreement and the erection of the enclosure but there was less than seven years after the conclusion of the foreclosure. The question therefore is whether appellee could have held adversely to Wright Estates before the completion of the foreclosure?

The law is well settled that possession under an executory contract is not adverse as to vendor and his privies. See C.J. Secundum page 677. Tilman v. Niemira, 99 Fla. 883, 127 So. 855. Possession cannot be adverse to one who has no right to possession. Coe v. Finlayson, 41 Fla. 169, 26 So. 704. In this case Wright Estates, Inc., had no right to possess the land as mortgagee. How, then, can it be charged with failure to assert a right of possession where the law does not recognize such a right in a mortgagee? It never had a right of possession until its title was confirmed at the conclusion of the foreclosure. It naturally follows then, since the seven year statute did not run after Wright Estates became entitled to possession, appellee's claim must fail.

The judgment is reversed.

BUFORD, C. J., TERRELL and CHAPMAN, JJ., concur.