WENTWORTH, Senior Judge.
This is an appeal from a final judgment for appellee Nix on his complaint to establish title to the former marital residence upon the theories of adverse possession and common law ouster. We reverse, concluding that the appellant Parker, Nix’s former wife who had been excluded from entry by a subsisting court order, did not lose title to her share of the cotenancy by alleged adverse possession of Nix as the cotenant in possession under the circumstances presented here.
On February 24, 1966 a final decree dissolved the marriage of Evie Parker and William Nix and awarded permanent custody of the children to Nix with reasonable visitation to Parker. As a result of the decree, the parties became tenants in common in their former marital residence in Live Oak. In March 1966 Nix sought a partition of the residence. Nix testified that he received an unexecuted copy of a final decree of partition in June 1966, and believed that he solely owned the residence.
On April 27, 1966 the circuit court had ordered Parker to make their minor children available to Nix, and to surrender their marital residence to Nix. The court added that:
The Plaintiff EVIE T. NIX, is further Ordered, Adjudged, enjoined and restrained from coming upon the premises ... or contacting the defendant [, William Nix, Jr.,] or the minor children of the parties ... either directly or indirectly until the further Order of this Court.
Nix testified that Parker violated the order by entering the property at least twice, first on April 28, 1966 to retrieve personal belongings, and second on April 29, when she shot Nix as he slept. After the latter entry, Parker was convicted of assault with intent to commit murder.
Nix further testified that he told Parker he would kill her if she stepped on the property again, and that she never returned to the property. Parker acknowledged that she never returned to the property after shooting Nix because the order of April 27 prohibited her and because she *180 was jailed for having shot Nix. Nix claimed that he made numerous improvements to the property, without intending to benefit Parker, and paid all routine maintenance expenses, mortgage payments, and taxes.
In 1972 Nix learned that his 1966 partition action was not final. That cause was dismissed for lack of prosecution on June 23, 1973. Meanwhile, on July 14, 1972 Nix filed a second partition action. On April 25, 1986, it too was dismissed for lack of prosecution.
Following a nonjury trial on the present complaint, the trial court entered final judgment for Nix and his third wife, and made these findings:
B. The plaintiffs, William Nix, Jr., and his wife Linda H. Nix, are entitled to the judgment sought against the defendant, Evie T. Parker, on the theory of common law ouster. William Nix, Jr., ousted Evie T. Parker from the house and land ... in May of 1965. At that time he unequivocally ordered her off the property and instructed her never to return. Never thereafter did Evie T. Parker enter onto the property. William Nix, Jr. made numerous improvements to the property from 1966 to date. He made all the mortgage payments on the property and paid the ad valorem taxes. William Nix, Jr. roofed the house, expanded the house, remodeled the house, etc., all at his sole expense. Evie T. Parker was aware of his actions regarding the property yet never asserted any claim for possession, rents or profits from the property. According to her testimony, Evie T. Parker was aware of the improvements made by Nix from time to time. She admitted that she knew that he never made any of the mortgage payments or the improvements to the home with any intent to benefit her.
C. William Nix, Jr. openly renunciated [sic] the tenancy of Evie T. Parker. William Nix, Jr.’s exclusive occupancy of the property for over 23 years was so open and notorious in its hostility to Evie T. Parker that it was sufficient to put her on notice of the adverse nature of his claim to the property.
Appellee Nix argues that the appeal should be dismissed for failure to present an adequate record. Nix filed in this appeal a motion to strike appellant Parker’s initial brief and to dismiss the appeal, asserting a violation of Fla.Rule of App.Proc. 9.200(e). This court denied the motion without prejudice to raising the issue by brief. Thereafter, we relinquished jurisdiction to the trial court to permit the parties to prepare an approved statement of evidence. The appellate record now contains the parties’ stipulated statement of evidence, and the documentary evidence itself. We find the stipulated record adequately supplies the factual bases for resolving the underlying dispute.
Appellant Parker contends the trial court erred in entering judgment for Nix on the theory of common law ouster. Bird v. Bird, 15 Fla. 424, 443 (1875), expressed the general principle of common law ouster: “Each tenant in common has an equal right of entry and possession. The possession of one is, in contemplation of law, the possession of the other, and to rebut such presumption, an actual ouster must occur.” The notion of ouster was explained as follows:
[A] tenant in common, to show an ouster of his cotenant, must show acts of possession inconsistent with, and exclusive of, the rights of such cotenant, and such as would amount to an ouster between landlord and tenant, and knowledge on the part of his cotenant of his claim of exclusive ownership.
Stokely v. Conner, 69 Fla. 412, 440, 68 So. 452, 459 (1915) (citation omitted); Barrow v. Barrow, 527 So.2d 1373, 1376 (Fla.1988). Florida recognizes the right of one coten-ant to oust another from commonly-held property, Gracy v. Fielding, 71 Fla. 1, 70 So. 625 (1916), and that the law governing partition is identical for former spouses as for other cotenants. Barrow, 527 So.2d at 1373-74.
In its final judgment, the trial court found that Nix openly renounced Parker’s tenancy; that Nix exclusively occupied the *181 property more than 23 years; that Nix’s occupancy was open, notorious, and hostile to Parker; and that Parker had adequate notice of the nature of Nix’s claim.
Parker relies on Coe v. Finlayson, 41 Fla. 169, 26 So. 704 (1899), and Wright Estates, Inc. v. Germain, 152 Fla. 612, 12 So.2d 451 (1943), for the assertion that one cannot adversely possess property against another who is not entitled to possession. Nix seeks to distinguish those cases, arguing that Coe dealt with a mortgagee’s attempt to adversely possess property against the mortgagor, and Wright Estates involved a similar suit by a mortgagor to evict a mortgagee. Nonetheless, the principle underlying those cases has relevance here. Coe, Wright Estates, and the present ease all involve legal instruments that created an exclusive possessory interest in one cotenant. By force of a court order, Parker was not entitled to possess the former marital property she shared as a tenant in common with Nix. Coe and Wright Estates fairly support the conclusion that Parker could not be evicted by partition under the circumstances.
Nix argues that his threats against Parker’s life were solely responsible for keeping Parker off the premises. He suggests that the court order could not have been the reason Parker vacated the property, as evinced by her disregard of the order on two occasions. That view regards the order to be a nullity. The better position is to assume that, until successfully challenged, the order is valid, enforceable, and determines the rights and liabilities of the parties. Unless the order is legally attacked and shown to be invalid, the parties cannot by such actions invalidate its clear directive. Under these circumstances, Parker did not waive her right of possession. Compare Dwyer v. Dwyer, 305 So.2d 10 (Fla. 1st DCA 1974).
Nix also contends that the intent of the order was solely to keep calm between the combatants during the period immediately after the dissolution. The order itself declares no such restriction, and Nix has shown no basis for so limiting its scope.
The final judgment is therefore reversed and this cause is remanded to the trial court for further proceedings.
SMITH and WIGGINTON, JJ., concur.